## NATIONAL DOCK & STORAGE WAREHOUSE CO. v. UNITED STATES.

District Court, D. Massachusetts. October 10, 1927.

No. 2595.

1. **Warehousemen** &#9758;34(5)—**Bailor's failure to comply with statutory requirements when demanding goods did not require proof of negligence, where warehouseman's excuse for nondelivery was inability (Gen. Laws Mass. c. 105, §§ 15, 27).**

Under Warehouse Act, Mass. (Gen. Laws, c. 105) § 15, placing on warehouseman burden of excusing failure to deliver goods on bailor's demand for delivery and offer to satisfy warehouseman's lien, surrender receipt, if negotiable, and sign acknowledgment of delivery, bailor's failure to offer to perform such requirements on making demand did not prevent recovery, without showing that warehouseman failed to exercise care of reasonably careful owner, under section 27, c. 105, Gen. Laws Mass., where warehouseman's sole excuse for nondelivery was inability to do so when demand was made; statutory requirements being for warehouseman's benefit.

2. **Warehousemen** &#9758;34(5)—**Warehouseman's unexcused failure to deliver on demand shows prima facie negligence.**

At common law, it is duty of warehouseman to deliver goods stored on proper demand, and failure to do so without excuse makes prima facie case of negligence.

3. **Warehousemen** &#9758;34(2)—**Government, sued for storage charges, held entitled to set off value of goods warehouseman failed to deliver on demand (Judicial Code, § 24, par. 20 [28 USCA § 41 (20)]; Gen. Laws Mass. c. 105, § 15).**

Where warehouseman gave no excuse for failure to deliver on demand goods stored with it by United States, other than disappearance of goods, and did not request surrender of warehouse receipt, payment of storage charges, or signature acknowledging delivery, *held* that, in action under Tucker Act (Judicial Code, § 24, par. 20, being 28 USCA § 41 [20]; Comp. St. § 991 [20]), government was entitled to set off value of goods lost against storage charges, regardless of whether the common law or Warehouse Act Mass. (Gen. Laws, c. 105), § 15, applied.

At Law. Action by the National Dock & Storage Warehouse Company against the United States. Judgment for plaintiff.

Robert Homans and Hill, Barlow & Homans, all of Boston, Mass., for plaintiff.

A. Chesley York, Asst. U. S. Atty., of Boston, Mass.

MORTON, District Judge. This is a case under the Tucker Act (Judicial Code, § 24, par. 20 being 28 USCA § 41[20]; Comp. St. § 991[20]). It was heard by the court without jury on oral and documentary evidence. The only question upon which there is now serious controversy between the parties is as to the storage company's liability to the United States on the latter's counterclaim for the company's failure to deliver 14 bales of wool which had been stored with it by the United States.

The facts are as follows: The United States had stored wool with the plaintiff over a considerable period preceding the time here in question, 50,000 to 60,000 bales in all having been so stored. In November, 1919, 5,000 or 6,000 of them were still in storage with the plaintiff. On November 17, 1919, the government requested the delivery of a specified 14 bales, sending a truck to the plaintiff's warehouse to receive them. The men on the truck were informed by the plaintiff's employees that the bales in question could not be found and advised the officer in charge to that effect. He thereupon asked the plaintiff to state its position in writing. Whether it did so does not appear; but apparently both parties understood that the goods were not delivered because the plaintiff did not have them. There is no evidence—and no contention—that the plaintiff either requested surrender of the warehouse receipt covering these bales, or payment of its charges, or a signature discharging it, all of which it had a right to do under the Massachusetts Warehouse Act (Gen. Laws, c. 105, § 15). The goods having disappeared, the plaintiff was for that reason unable to deliver them, and it gave no other reason or excuse for its failure to deliver. There is no evidence of negligence or fault on the part of the plaintiff, except that, being a public warehouseman, it received these bales for storage and was unable to deliver them when called for by the owner; nor was any evidence offered by the plaintiff in excuse of its failure to deliver.

The rights of the parties undoubtedly depend upon the Massachusetts law. The statute changes the common law of that state with respect to the burden of proof. It pro-

vides: "If the warehouseman refuses or fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied [i. e., accompanied by an offer to satisfy the warehouseman's lien, to surrender the receipt, if negotiable, and to sign an acknowledgment of delivery] the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal or failure." Section 15.

[1] The plaintiff contends that, if the depositor of goods which are not delivered on demand wishes to obtain the benefit of the statutory rule as to burden of proof, he must of his own motion comply with the provisions of section 15 at the time of demand, and that, if he does not do so, he cannot recover unless he shows that the warehouseman failed to exercise the care which a reasonably careful owner of similar goods would have exercised. Section 27.

This contention is not, in my opinion, sound. The provisions of section 15, relating to payment, receipt, and signatures, were inserted, I think, for the benefit and protection of the warehouseman. If he desires the advantage of them, it devolves on him to say so at the time when delivery is requested. The intention of the statute seems to be to change the rather unfair burden of proof which the common law had thrown on the depositor with respect to goods lost in storage, and at the same time adequately to safeguard the warehouseman by provisions for his protection. It would be highly unjust to permit the warehouseman to avoid the burden of proof which that statute imposes because of the depositor's failure to observe requirements intended for the warehouseman's protection, when the latter said nothing about them at the time when delivery was demanded, and especially where the refusal was placed upon an entirely different ground. It is well settled that, where a right is conditioned upon certain formalities, an absolute denial of it, unaccompanied by insistence on compliance with the prescribed formalities attending its enforcement, is held to waive them.

[2] Even at common law, "as it is the duty of a warehouseman to deliver upon proper demand, his failure to do so, without excuse, has been regarded as making a prima facie case of negligence." Hughes, J., So. Ry. v. Prescott, 240 U. S. 632 at 640, 36 S. Ct. 469, 473 [60 L. Ed. 836]. There is nothing in the circumstances here which overcomes the "prima facie case of negligence" arising out of the plaintiff's receipt of the wool and its wholly unexplained failure to deliver it when called for. Section 27 of the statute is a restatement of common-law rule, and does not diminish the liability thereby imposed on the warehouseman.

[3] Either way, the United States is entitled to prevail upon its claim in set-off. The parties have agreed upon the figures. The plaintiff has proved storage charges amounting to $3,718.50. The loss established on the counterclaim amounts to $2,478.31.

Judgment for plaintiff for $1,240.19.