# KEROES v. RICHARDS.

---

LANDLORD AND TENANT; COVENANTS TO REPAIR.

1. There is, at common law, no implied covenant by a lessor that the leased premises are in good repair, or fit for the intended use.
2. Where a lessee covenants to keep old premises in repair, his obligation is to first put them in reasonable repair, and then keep them so;

particularly, if the defects are open to observation and where there has been no fraudulent representation or concealment by the lessor at the time of making the contract.

3. Where a lessor is compelled to repair a drain connecting the leased premises with a public sewer, the drain having been condemned by the municipal authorities, and the lease provides that the lessee shall pay for all repairs, the lessee is under obligation to reimburse the lessor for the necessary expense, notwithstanding the defective condition existed at the time of the lease.

4. And in such case, where, under building regulations made subsequent to the construction of the original drain, which was of terra cotta, the new drain is required to be made of iron, it is the duty of the lessee to pay to the lessor at least as much of the cost of reconstruction as the cost of the construction of a terra cotta drain would have amounted to.

5. Where, in a proceeding by a landlord against his tenant to recover possession of the leased premises for breach of a covenant to repair, the tenant's only defense is a denial of any liability to pay for the repairs which were made, and it appears that he is liable for only a proportional part of the cost thereof, the landlord is entitled to recover possession.

No. 1701.   Submitted October 23, 1906.   Decided November 7, 1906.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, in a landlord and tenant proceeding to recover possession of leased premises.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This action was begun by Edward N. Richards in the justice court under section 20 of the Code, to recover the possession of a house in the city of Washington, known as No. 1332 G St., N. W., from Jacob Keroes, lessee, under the claim that tenant's lease had ceased and determined.   The case was removed on appeal to the supreme court of the District, where judgment was rendered for the plaintiff.

The case was submitted upon the following agreed facts: On February 24, 1904, M. L. Johns and S. Louise Campbell, whose title has since been acquired by the plaintiff, entered into an

agreement with Jacob Keroes whereby they leased him the said premises for a term of five years, upon a monthly rental of $70. The lessee covenanted, among other things: "That all repairs shall be paid for by him, and that he will surrender the same at the expiration of his tenancy in good order, ordinary wear and tear and damage by act of God or public enemy excepted." There was an agreement for forfeiture of the lease and re-entry by the lessors upon the failure of the lessee to perform any of the covenants.

There had always existed beneath the building a terra cotta sewer pipe, through which the sewage from said premises was conveyed to the main public sewer. The drain was constructed at a time when the building regulations permitted terra cotta piping. For some years prior to the execution of the lease, this piping, as the result of wear and tear caused by time and usage, had become very defective, and it was in this condition when the lease was executed and the lessee entered into possession. It was in the same condition when removed that it had been when the lease was executed. Plaintiff caused inspection of the plumbing said building to be made by the building inspector, who condemned the terra cotta sewer, and ordered that iron pipe be substituted, as called for by the then existing building regulations. Plaintiff called upon defendant to make this improvement, which he refused to do. Plaintiff thereupon had the work done with iron pipe, and presented the bill to affiant, who refused to pay upon the grounds, first, that the work done was an improvement, and not a repair; second, that his covenant to repair was to keep the house in the repair in which he found it, and, as the defect was present when he leased the house, he was not charged by his covenant with the duty of correcting it; third, that, as the defect was the result only of ordinary wear, he was not chargeable under his covenant to repair.

About July 13, 1905, plaintiff reported to the inspector of plumbing that water was draining from some source into the cellar of premises No. 1330, occupied by plaintiff, and asked an investigation. This was made, and the inspector reported the

drain as defective.  July 15, 1905, notice was given to plaintiff by the inspector to make the necessary repairs and changes. Plaintiff, upon refusal of defendant to have the work done, procured the same to be done by licensed plumbers, who found that the terra cotta sewer was cracked, broken, and disconnected. The inspector notified the plaintiff that the terra cotta pipe could not remain or be used as a sewer, and ordered that it be replaced with cast-iron pipe, which was done.  The bill therefor, amounting to $121.60, was presented to defendant, who declined payment, as heretofore stated.  September 29, 1905, plaintiff gave notice to defendant of the determination of his tenancy, and ordered him to surrender the premises at the expiration of seven days from the day of service.

*Mr. Hayden Johnson,* for the appellant:

1. The tenant was not liable for cost of substituted material required by revised building regulations under covenant to pay for repairs.  18 Am. & Eng. Enc. Law, 2d. ed. p. 251; *Lyon* v. *Greenhow,* 8 Times L. R. 457; *Cordes* v. *Miller,* 39 Mich. 581, 33 Am. Rep. 430; *Ardesso Oil Co.* v. *Richardson,* 63 Pa. 162.

2. The defect being existent at the time of the demise, the covenant to pay for repairs generally did not embrace it.  18 Am. & Eng. Enc. Law, 2d. ed. p. 251; *Middlekauff* v. *Smith,* 1 Md. 329; Wood, Land. & T. ¶¶ 798, 800, 802; and Archibald, Land. & T. 176.

*Mr. William C. Prentiss* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It is the settled rule of the common law that there is no implied covenant by the lessor that the leased premises are in good repair, or fit for the intended use.  *Viterbo* v. *Friedlander,* 120 U. S. 707, 712, 30 L. ed. 776, 777, 7 Sup. Ct. Rep. 962.

When the lessee covenants to keep old premises in repair, some authorities hold that his obligation extends no further than keeping them and returning them in as good condition as they were when leased. A better-established rule seems to be that his obligation is to first put them in reasonable repair, and then keep them so; particularly if the defects are open to observation and where there has been no fraudulent representation or concealment by the lessor at the time of making the contract. *Payne* v. *Haine,* 16 Mees. & W. 541, 545; *Myers* v. *Burns,* 35 N. Y. 269, 270; *Lockrow* v. *Horgan,* 58 N. Y. 635; *Waddell* v. *De Jet,* 76 Miss. 104, 110, 23 So. 437. In the case first cited it was said by Parke, B.: "The lessee was bound to put them in good repair as old premises; for he cannot 'keep' them in good repair without putting them into it."

The covenant in this case was not to keep in repair, but "that all repairs shall be paid by him, and that he will surrender the same at the expiration of his tenancy, in good order, ordinary wear and tear, etc., excepted.

If to keep in repair means that premises in need thereof at the time of the lease are first to be put in that condition by the lessee, then, for a stronger reason, a covenant to pay for all repairs would seem to bind him to pay for all that were needed at the time to render the building fit for its ordinary uses, in compliance with all valid public regulations having regard to health and safety. Consequently, when it was discovered by the municipal authorities that the drain connecting the house with the public sewer was in a defective condition, and the lessor, as owner of the premises, was compelled to repair it, the lessee was under obligation to reimburse him for the necessary expense, notwithstanding the fact that the defective condition existed at the time of the lease.

The ordinary meaning of repair is "to restore to a sound or good state after decay, injury, dilapidation, or partial destruction; to renew; to restore; to mend." Webster, Dict. Now, had the drain been restored to the condition it was in when originally constructed, that is to say, reconstructed with material of

the same kind, we are of the opinion that the necessary work would constitute repair, and not an improvement. The building regulations having been, meanwhile, changed so as to prevent reconstruction with the same material, and to require iron pipe instead, it is contended, on behalf of the appellant, that the new drain, constructed of different and more expensive materials, in compliance with the amended regulations, became an improvement, and was, therefore, not a repair within the terms of his covenant.

The question is one of difficulty, and the authorities are not in agreement in respect of its solution. In a case in the supreme court of Michigan, the lease was of a wooden building, with a covenant by the lessee to rebuild in case of destruction. After the execution of the lease and before the destruction of the premises, a valid public ordinance prohibited the erection of wooden buildings in the particular section, and required all construction thereafter to be of brick, stone, or other approved fireproof material. The action was brought by the lessor for breach of the covenant, and it was held that the lessee was not under obligation to rebuild with the more expensive material required by the ordinance. *Cordes* v. *Miller,* 39 Mich. 581, 33 Am. Rep. 430. No question was raised as to his obligation to pay, at least, as much of the cost of reconstruction as the erection of a wooden building would have amounted to.

In *Payne* v. *Haine, supra,* it was held that while the lessee was under obligation to put the premises in repair, and then to keep them in good repair thereafter, yet, as the building was an old one, the obligation extended no further than to keep the house in repair as an old building.

In *Martinez* v. *Thompson,* 80 Tex. 568, 16 S. W. 334, the lessor covenanted to keep the roof in repair. The lessee covenanted, with this exception, to bear all expenses of repairing and improving the building, and made extensive improvements to fit the building for his uses. During the term the municipal authorities declared one of the walls unsafe, and compelled the owner and lessor to rebuild it. The rebuilding was of the same

kind of material. No question was made as to the character of the material, or in respect of the power of the city to compel the reconstruction of the wall. It was held that the lessor could recover the cost of the new wall. None of those cases involves the particular question that is here presented.

Being of the opinion that the old drain was out of repair in the ordinary sense of that word, we think that the covenant of the lessee made it his duty to reimburse the lessor to the extent, at least, of such a proportion of the entire cost of reconstruction as would have been incurred if it had been of the less expensive kind of material used in the original construction. What this would be is apparently a matter of easy ascertainment. We cannot regard the effect of the intervening building regulations as discharging the lessor from all obligation.

For his failure to pay the charges for repair, and repudiation of liability for any part thereof, the lessor claimed the right to declare the lease at an end; and this action is for the recovery of the possession of the premises by virtue of his assertion of that power.

The question of his right to recover the entire cost of the reconstruction of the drain with the required and more expensive material is not involved, but will arise in any appropriate action that he may bring for that purpose.

All that we now decide is that the lessee was bound by the covenant to pay, at least, a proportional part of the cost of the repair of the drain; and that, having failed to offer to pay that proportion, and having denied his liability for that proportion, as well as for the whole, he violated the covenant and brought into exercise the right of the lessor to declare the lease at an end.

The lessor was, therefore, entitled to recover the possession of the premises, and the court was right in the judgment rendered. The judgment will therefore be affirmed with costs.

*Affirmed.*