# Wade, Appellant *v.* Pittsburg Machine Tool Company.

*Landlord and tenant—Covenant to repair—Necessary repairs.*

1. Where a lease contains a covenant on the part of the tenant to "make all necessary repairs at his own proper costs and charges," and the landlord during the term of the lease, after notice from the city authorities repairs certain rain conductors on the building, which the tenant had refused to repair, and the evidence as to the necessity for the repairs is conflicting, it is for the jury to determine their necessity.

2. In such a case the trial judge committed no error in charging that the covenant meant "such repairs as may be necessary to protect the house from waste and ruin."

Argued April 28, 1909. Appeal, No. 161, April T., 1909, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1905, No. 1,004, on verdict for plaintiff in case of Francis Henry Wade v. Pittsburg Machine Tool Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover money paid for repairs. Before FRAZER, P. J.

The facts appear by the opinion of the Superior Court.

Plaintiff presented these points:

1. The verdict of the jury should be for the plaintiff. *Answer:* Refused. To which answer counsel for plaintiff except. [1]

3. The tenant is bound to make the repairs ordered by the department of public works, and if he refuses to do so the landlord may make same and recover the amount from the tenant. *Answer:* Refused. To which answer counsel for plaintiff except. [2]

The court charged the jury in part as follows:

[Now, under this agreement we say to you as a matter of law that it was the duty of the defendant to make certain repairs to the house, that is, he was obliged to make necessary repairs, and by "necessary repairs" we do not mean only such repairs as would keep the building in tenantable condition for the use of this defendant, but it means more than that: it means such repairs as may be necessary to protect the house from waste and ruin. A man might permit the gutters and spouting of a house to get out of repair and allow the water to fall down upon the outside of the house, without inconvenience to himself, and by so doing the house may be considerably injured. Now, it is repairs of that kind that the tenant must make under a clause of this kind.] [3]

[Now, in this case the questions involved here are questions strictly, it seems to me, for the jury: that is, whether a repair is necessary, is, under the circumstances, a question for the jury to determine. All questions of law are determined by the court; but questions of fact are solely for the jury, and this a question of fact, and you gentlemen must determine that question of fact from the testimony of the different witnesses.

[Before verdict rendered counsel for plaintiff and defendant respectively except to the charge of the court and request that the stenographer's notes thereof be reduced to writing and filed.] [4]

[The plaintiff's contention is that upon receiving notice from the authorities of the city of Allegheny to the effect that the property needed some repairs, he gave notice to the defendant, to the proper officer of the defendant company, Mr. Curtis, that these repairs had been required by the city, and asked him to make them, and also stated if he did not make the repairs, that is, if the defendant did not make the repairs, the landlord would

make them and at the expense of the tenant. The tenant not having made the repairs, the landlord went upon the premises, or sent a tinner there, and repaired some spouting and some gutters upon the house, and for that he incurred an expense of $119.17. This was in November, 1904. A little later, in the spring, in March, 1905, he again sent the tinner to the house, and at that time some repairs were made in the roof. I believe he testified that there was some 125 large slate put on the roof and some smaller ones, I do not recall, twenty-five or thirty smaller ones, and for that a charge is made of $23.65, the two items together making the amount of the plaintiff's claim of $142.82.

Now, you gentlemen must determine from the evidence whether these repairs, whether the doing of either or both, the making of either or both of these repairs, was reasonably necessary for the protection of the house, for the protection of the property; and if they were, then, as I said a moment ago, as a matter of law, the defendant was liable for this, and he ought to have made them, and if he did not make them, then the plaintiff had the right to have them made and to charge the cost to the tenant.

Now, you will take up both of these items, consider them with the testimony, and if you find that the spouting was necessary, you will render a verdict in favor of the plaintiff for that amount; and if you find the roofing was necessary, then he would be entitled to recover both of these items. If you find that either of them was not necessary, then, of course, the plaintiff would not be entitled to recover for that particular item.] [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*F. C. McGirr,* of *Marron & McGirr,* for appellant.—Under the evidence in this case we believe the court should have instructed the jury to find for the plaintiff the amount he paid for repairs to the spouts and conductors, because there was no question that they had become in such a bad state of repair that

it was absolutely necessary to make the repairs: Cornell v. Vanartsdalen, 4 Pa. 364; Loughlin v. Carey, 21 Pa. Superior Ct. 477; Darlington v. DeWald, 194 Pa. 305.

*W. N. S. Thomson*, of *Thomson & Thomson*, for appellee.

OPINION BY ORLADY, J., June 14, 1909:

The plaintiff leased to the defendant company a factory for a term of five years. The lease contained the following provision: "The tenant will make all necessary repairs at his own proper costs and charges, without abatement of said rent, and at the expiration of the term aforesaid shall and will yield up the said premises in as good and sufficient repair as when received (reasonable wear and tear and accident by fire and other causes excepted) without any further notice from the said parties of the first part."

During the term of the lease the superintendent of the bureau of highways, etc., of the city, notified the plaintiff and the defendant that the rain conductors on the building were rotten from the top to the bottom, and that they must be repaired at once and have a proper sewer connection. The plaintiff then notified the defendant to make the repairs, which the defendant refused to do, and thereupon the plaintiff repaired the waterspouts and conductors and roof at an expense of $142, and this action was brought to recover the said sum from the tenant under the clause of the lease above quoted.

The testimony in regard to necessity for the repairs was conflicting. Witnesses for the plaintiff testified that these defects were such as should be made promptly. Defendant's witnesses testified that they were not. The question resolved itself into a mixed one of law and fact, and as such it was properly submitted to the jury. The first and third points of the plaintiff as submitted implied that the verdict should be directed in favor of the plaintiff. The responsibility of the tenant to the landlord does not depend solely on the notice received from the department of public works. The public official may or may not be right, but the liability of the tenant depends upon the conditions existing at the time the property was leased, and

the conditions as they exist at the expiration of the lease, many of which may not be necessarily known by the representative of the city.

The third assignment of error is to the following: "We say to you, as a matter of law, that it was the duty of the defendant to make certain repairs to the house, that is, he was obliged to make necessary repairs, and by necessary repairs we do not mean only such repairs as would keep the building in a tenantable condition for the use of this defendant, but it means more than that; it means such repairs as may be necessary to protect the house from waste and ruin. A man might permit the gutters and spouting of a house to get out of repair and allow water to run down upon the outside of the house without inconvenience to himself, but by so doing the house may be considerably injured. It is repairs of that kind, that the tenant must make in a clause of this kind." And in the fourth assignment, "The questions of fact here it seems to me are for the jury. That is, whether a repair is necessary, is, under the circumstances, a question for the jury to determine; all questions of law are determined by the court, but the questions of fact are solely for the jury, and this is a question of fact, and you must determine that question of fact from the testimony of the witnesses whether these repairs were reasonably necessary for the protection of the house, for the protection of the property; and if they were, then, as a matter of law, the defendant was liable for them and he ought to have made them, and if he did not make them, then the plaintiff had the right to have them made and to charge the costs to the tenant." Which was a fair and proper submission of the case. The assignments of error are overruled. The judgment is affirmed.