# ENQUIST v. DIDDEN.*

LANDLORD AND TENANT; LEASE; WARRANTY; CASUALTY.

1. No warranty will be implied as to the safety or construction of leased premises. (Citing *Howell* v. *Schneider*, 24 App. D. C. 532, and *Keroes* v. *Richards*, 28 App. D. C. 310, 8 Ann. Cas. 575.)

2. In the absence of fraud, misrepresentation, or deceit, a landlord is not responsible to his tenant for injuries resulting from a defective condition of the premises. (Citing *Howell* v. *Schneider*, supra.)

3. A casualty rendering premises untenantable, which will determine a lease thereof, does not occur when an elevator which the lessee had covenanted to repair collapsed, nine months after the lessee went into possession, due to improper construction and the lessee's failure to repair. Under such a covenant it was the duty of the lessee to put the elevator in proper repair, and to keep it so. (Citing *Keroes* v. *Richards*, supra.)

No. 2548. Submitted November 4, 1913. Decided December 1, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered upon

---

*Landlord and tenant.*—For cases upon the question of the liability of a landlord for injury to tenant from defects in premises, see notes to *Hines* v. *Wilcox*, 34 L.R.A. 824, and *Walsh* v. *Schmidt*, 34 L.R.A.(N.S.) 798; as to the tenant's obligation under express covenant to leave the premises in good condition, see note to *Boardman* v. *Howard*, 64 L.R.A. 652.

motion by the plaintiffs for want of a sufficient affidavit of defense, in an action to recover for rent alleged to be due and owing under a lease of premises occupied by defendant.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment for George A. Didden and Mary C. Didden, appellees, plaintiffs below, in the supreme court of the District, under the 73d rule of that court.

On the 27th of February, 1912, the defendant and plaintiff's assignor signed a lease under which the defendant was to occupy certain premises in this city for the term of five years, for the purpose of conducting and carrying on therein an automobile garage business. The lease contains the following: "And that at the end thereof (that is, at the termination of the lease) he (defendant) will peaceably and quietly deliver up the said premises in as good condition as the same are now, reasonable wear and tear thereof and damage by the elements excepted, it being understood and agreed that the party of the second part (defendant) is to make all necessary repairs to said premises during the term aforesaid, and the party of the first part is to make repairs only to the roof of said premises, party to the second part to make all repairs to elevator, pump, and fixtures. And it is further agreed that, in event the premises hereby demised be so injured by fire, the elements, or other casualty as to be rendered untenantable, rent, during the time said premises shall so remain unfit for occupancy, shall cease, but shall begin again as soon as said building is rebuilt or repaired, which rebuilding or repairing the said lessors agree to do with reasonable speed; if said premises shall, however, be totally destroyed by fire, the elements, or other casualty, then this lease shall cease and determine and all liability for rent hereunder shall cease upon payment of the rent to the day of the fire or other casualty."

In the affidavit of defense it is set forth that "on the 24th day of November, 1912, the elevator in the building on the

aforesaid premises, which had been erected and constructed prior to his occupancy, without fault, negligence, or carelessness on his (defendant's) part, or on the part of his agents, but by reason of its improper construction, was wrecked and became entirely unfit for use, and that by reason of said casualty, said premises became untenantable," etc. The defendant insists that the wrecking of the elevator, as set forth in his affidavit of defense, constituted a casualty within the meaning of the terms of the lease, and hence that he was excused from paying rent until such time as the demised premises were made tenantable by the lessors.

*Mr. Andrew Wilson* and *Mr. James P. Schick* for the appellant.

*Mr. Joseph I. Weller* and *Mr. Alexander Wolf* for the appellees.

*Mr. Justice* Robb delivered the opinion of the Court:

There was no express warranty as to the safety or construction of the demised premises or any part thereof, and, in the absence of such a warranty, one will not be implied. *Howell* v. *Schneider,* 24 App. D. C. 532; *Keroes* v. *Richards,* 28 App. D. C. 310, 8 Ann. Cas. 575. In the absence of fraud, misrepresentation, or deceit, a landlord is not responsible to his tenant for injuries resulting from a defective condition of the premises. *Doyle* v. *Union P. R. Co.* 147 U. S. 413, 37 L. ed. 223, 13 Sup. Ct. Rep. 333; *Howell* v. *Schneider,* supra. In the present case, the defendant covenanted generally to make all necessary repairs, excepting only repairs to the roof. That no doubt whatever should remain, the clause was then inserted requiring the defendant "to make all repairs to *elevator,* pump, and fixtures." He now says that almost nine months after he had taken possession of the premises, this elevator, which he had expressly covenanted to keep in repair, was wrecked "by reason of its improper construction." He characterizes this as

a "casualty," but that characterization, of course, is meaningless, unless warranted by the averments of facts upon which it is based. The averments of fact amount to nothing more than a statement that the elevator was not in proper condition when the defendant took possession of the premises, and that, by reason of that condition, it was wrecked after the defendant had used it about nine months. In *Keroes v. Richards,* 28 App. D. C. 310, 314, 8 Ann. Cas. 575, Mr. Chief Justice Shepard said: "When the lessee covenants to keep old premises in repair, some authorities hold that his obligation extends no further than keeping them and returning them in as good condition as they were when leased. A better established rule seems to be that his obligation is to first put them in reasonable repair, and then keep them so; particularly if the defects are open to observation, and where there has been no fraudulent representation or concealment by the lessor at the time of making the contract." There is no suggestion here of any fraudulent representations or concealment by the lessor, and it is apparent, therefore, that the duty of putting this elevator in proper repair, and keeping it so, devolved upon the defendant. This being so, the conclusion follows that the wrecking of the elevator was not a casualty, but, under the facts before us, merely the natural result of the defendant's failure to fulfil the conditions of the lease.

Had the wrecking of this elevator resulted from some entirely unforeseen cause, some cause not preventable by foresight and prudence, a different case would have been presented. Thus, it has been held that the explosion of a boiler, without negligence on the part of the tenant, who had exercised the greatest degree of care in its use, was such a casualty as would excuse him from the payment of rent. *John Morris Co.* v. *Southworth,* 154 Ill. 127, 39 N. E. 1099. Here, however, as previously pointed out, the wrecking of the elevator did not result from causes entirely unforeseen and beyond the power of the defendant to prevent, had he exercised foresight and prudence, but, on the contrary, it resulted from his own failure to fulfil the terms of the lease. The judgment is affirmed, with costs.

*Affirmed.*