## GIRARD TRUST CO. v. UNITED STATES.

### No. 8713.

Circuit Court of Appeals, Third Circuit.

Argued March 28, 1945.

Decided June 1, 1945.

Paul A. Sweeney, of Washington, D. C. (Francis M. Shea, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for appellant.

Claude C. Smith, of Philadelphia, Pa. (A. David M. Speers, Harold B. Steinberg, and Duane, Morris & Heckscher, all of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, ALBERT LEE STEPHENS and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

In the case at bar the Girard Trust Company, the lessor under a written lease entered into by it and the United States for the rental of a building in Philadelphia known as the "Penn Athletic Club Building" and occupied by the Securities and Exchange Commission, seeks to recover from the defendant, the United States, the sum of $1,158.53, representing the cost of repairs to certain electric installations in the building. The suit was brought under Section 1 of the Tucker Act.[1] The court below gave judgment for the plaintiff in the sum sought with interest. The United States has appealed.

The controversy commenced when the United States received a communication from "Middle Department Rating Association, Philadelphia Division", apparently the representative of a board of fire underwriters, demanding that certain defects in the electrical installations of the building be repaired. The United States refused to make the repairs, the Trust Company caused them to be made, paid for them and now demands reimbursement.

For reasons which will become apparent we will not deal with the provisions of the lease in this opinion other than to state that by its terms the United States became obligated to make tenantable repairs while the Trust Company was not so obligated. The learned District Judge made no findings of fact or conclusions of law save those contained in his opinion.[2] He treated all of the defects as being of a like kind and all the repairs as necessary "* * * to protect the building, its equipment, and the occupants from the hazards attendant upon defective electrical installations, and from waste and ruin." He did not distinguish between defects which existed prior to the occupancy of the building by the United States and those which came into being after the commencement of that occupancy. He made no differentiation between latent and patent defects or between repairs which may have been structural in character and others which certainly were not. These distinctions or some of them may be pertinent in deciding the case at bar under the applicable law. It should be

---

[1] Act of March 3, 1887, 24 Stat. 505, 28 U.S.C.A. § 250.

[2] No opinion for publication.

pointed out that the evidence presently of record may not afford a sufficient basis to resolve pertinent fact questions as to some of the repairs.

■ It appears that certain of the defects had to be repaired to avoid the hazards of fire while other repairs seemingly had no relation to fire hazards or to the occupancy of the building by the Securities and Exchange Commission. The court below did not find that the repairs or any of them were necessary in order to render the building tenantable or to so maintain it.[3]

■ Section 7 of the Tucker Act, 28 U.S.C.A. § 764, provides "That it shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific finding by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case, and to render judgment thereon." See also Section 10 of the Tucker Act, 28 U.S.C.A. § 765. Cf. Rule 52 (a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The filing of a sufficient written opinion, one containing findings of fact and conclusions of law necessary to support the judgment, is a mandatory procedural requirement. The absence of such findings in the case at bar defeats the judgment for it has not been rendered in accordance with the terms prescribed by Congress for obtaining a valid judgment against the United States. See United States v. Nugent, 6 Cir., 100 F.2d 215, 216, certiorari denied sub nom. Fidelity & Columbia Trust Co. v. United States, 306 U.S. 648,[4] 59 S.Ct. 591, 83 L.Ed. 1046.

■ The substantive law to be applied when the facts are found by the court below upon remand is not that of Pennsylvania. We can find no case directly in point but the decisions of the Supreme Court in Clearfield Trust Co. v. United States, 318 U.S. 363, 366–367, 63 S.Ct. 573, 87 L.Ed. 838, and United States v. Allegheny County, 322 U.S. 174, 182–183, 64 S.Ct. 908, 88 L.Ed. 1209, require the conclusion that the federal law governs the rights of the parties under a lease executed by the United States.[5] In the absence of federal cases in point the court below may turn for guidance to the general law of landlord and tenant.[6] In the absence of appropriate findings of fact by the court below we cannot determine the applicable principles of law.

The court below allowed interest on the sum recovered. Section 177 of the Judicial Code, 28 U.S.C.A. § 284, prohibits the allowance of interest prior to judgment in a suit against the United States. The plaintiff concedes this point.

The judgment of the District Court is vacated and the cause is remanded with directions to proceed, in conformity with

---

[3] The court below expressed the conclusion that the defects created fire hazards which exposed the building to danger of waste and ruin. This is not the equivalent of a finding that the repairs were necessary to render the building tenantable or to maintain it in a tenantable condition. We do not doubt the necessity of protecting a tenanted building from hazards of fire but this is not to say that the tenant must make repairs. Questions of liability for repairs as between landlord and tenant must be determined by the provisions of the lease and under the applicable principles of law.

[4] Cf. Ordinary of State of New Jersey v. U. S. Fidelity & Guaranty Co., 3 Cir., 136 F.2d 536; Hazeltine Corporation v. General Motors Corporation, 3 Cir., 131 F.2d 34, and Clarke v. Gold Dust Corporation, 3 Cir., 91 F.2d 12.

[5] In United States v. Allegheny County, 322 U.S. 174 at page 183, 64 S.Ct. 908, at page 913, 88 L.Ed. 1209, Mr. Justice Jackson stated, "The validity and construction of contracts through which the United States is exercising its constitutional functions, their consequences on the rights and obligations of the parties, the titles or liens which they create or permit, all present questions of federal law not controlled by the law of any state."

[6] The Government points to the provisions of Section 278a of Title 40 of the United States Code, 40 U.S.C.A. § 278a, which limits costs of alterations of premises leased by the United States to 25% of the first year's rental and argues that since the United States expended more than this sum in preparing the premises for the occupancy of the Securities and Exchange Commission, it could not have intended to obligate itself to make further repairs. In view of the provisions of paragraph 6 of the lease, viz., "The Government during the occupancy of the premises will, as part of the rental consideration, maintain, repair, operate and service the building * * *", the expense of any repairs required to be made by the tenant are part of the rental consideration and the provisions of Section 278a are immaterial.

the opinion of this court, to make proper findings of fact and conclusions of law and thereupon to enter an appropriate judgment, leave being granted to the District Court to reopen the trial for the introduction of additional evidence if in its opinion the ends of justice so require.