## GIRARD TRUST CO. v. UNITED STATES.

### No. 9192.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 17, 1946.

Decided April 23, 1947.

Paul A. Sweeney, of Washington, D. C., (Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., John F. Sonnett, Asst. Atty. Gen., J. Francis Hayden, Sp. Asst. to the Atty. Gen., and Hubert H. Margolies, Atty., Department of Justice, of Washington, D. C., on the brief) for appellant.

Claude C. Smith, and Duane, Morris & Heckscher, all of Philadelphia, Pa. (Harold B. Steinberg, of Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and MURPHY, District Judge.

McLAUGHLIN, Circuit Judge.

This matter is before us for the second time. It concerns responsibility for repairs to certain electrical installations in a building in Philadelphia known as the "Penn Athletic Club Building." This had been leased by written lease (with the exception of some stores on the premises) by Girard Trust Company to the United States. The lease is on United States Standard Form #2. Typewritten Clause 6 thereof provides in part that "The Government during the occupancy of the premises will, as part of the rental consideration, maintain, repair, operate and service the building; * * *." Printed Clause 9 which was stricken from the lease reads: "The Lessor shall, unless herein specified to the contrary, maintain the said premises in good repair and tenantable condition during the continuance of the lease, * * *"[1] After the United States had entered into possession, it made extensive alterations and repairs including repairs to the wiring and other electrical equipment. Later the local fire insurance underwriters rating bureau notified the Government that certain defects in the electrical installations must be remedied in order that the fire insurance on the property might not be jeopardized. The Government declined to make the repairs. Girard Trust Company had them made and billed the Government for their cost. On refusal of payment the lessor sued the United States under the Tucker Act, Section 24(20) of the Judicial Code, 28 U.S.C. A. § 41 (20).

The case was tried in the District Court without a jury. The Trial Judge in a written opinion decided in favor of the plaintiff in the amount claimed, namely $1,158.53. The Court did not file any findings of fact or conclusions of law as required by Section 7 of the Tucker Act, 28 U.S.C.A. § 764.[2] On appeal we vacated the judgment and remanded the case for proper findings of fact and conclusions of law. We did not pass upon the substantive issues other than to state that by the terms of the lease the United States became obliged to make tenantable repairs and that federal law governs the rights of the parties under a lease executed by the United States. Girard Trust Co. v. United States, 3 Cir., 149 F.2d 872.

Thereafter the United States filed a request with the District Court to find certain specified facts and conclusions of law. On November 2, 1945, the District Court filed findings of fact and conclusions of law. The Government then petitioned the Court for amended findings of fact and conclusions of law and on March 22, 1946, the Court filed findings of fact and conclusions of law which were identical with those filed on November 2, 1945. At no time did the Government request that any additional testimony be taken in accordance with the discretion given the District Court in our previous opinion.

---

[1] The Lessor's obligation for repairs under Paragraph 6 of the lease read as follows: "Provided also that Lessor shall make repairs and replacements of parts of the building and building equipment rendered necessary by reason of damage to the building or equipment resulting from fire or other casualty not arising from the act or negligence of the Government's agents or employees. The Lessor shall keep the roof and sidewalks in proper condition of repair."

[2] See also Section 10 of the Tucker Act, 28 U.S.C.A. § 765. Cf Rule 52 (a), Federal Rules Civil Procedure, 28 U.S. C.A. following Section 723c.

In the findings of fact the Court held that:

"10. All of the electrical work done and the repairs made to correct the defective conditions were in the portion of the building rented to and occupied by the Defendant.

"11. The conditions repaired, remedied or corrected constituted necessary repairs to eliminate the hazards and dangers to the occupants of the building, its electrical equipment, to the service and operation of the building, and to the building itself.

"12. All of the work done was necessary to remove hazards and dangers and to make the building properly tenantable with regard to the major operations of the premises occupied by the Defendant and also with regard to the operations of the premises occupied by other tenants.

"13. The repairs and maintenance were the minimum required for the safety of life and property and for the reasonable safe use and occupancy of the building by the tenants thereof.

"14. The amount paid by the Plaintiff for making the repairs and maintenance to the electrical equipment as aforesaid was the fair and reasonable value thereof."

In his conclusions of law, the Trial Judge held that the terms of the lease established the obligations of the parties with regard to the repair, maintenance, service and operation of the building; that the United States under the lease assumed the obligation as part of the rental consideration to maintain, repair, operate and service the building, that the landlord's obligation was by said lease limited to the making of repairs and replacements made necessary by reason of damage resulting from fire or other casualty, and to keeping the roof and sidewalks in proper condition of repair; that under the covenants of the lease the United States was obligated to make all repairs and perform all maintenance work necessary to keep the building in tenantable condition and to protect it and the occupants from hazards and dangers existing on the premises; that the lessee having obligated itself to maintain, repair, operate and service the building without specifying any limitations other than repairs to the roof and sidewalks and those made necessary by reason of damage resulting from fire or other casualty, obligated itself to do the maintenance and repair work which is the subject of this suit and that such obligations were imposed by the lease without regard to whether the dangerous conditions were concealed or existing at the time of occupancy, or arose from the use of the building; and the covenant involved the obligation to remedy such defective conditions without regard to the time of or the cause for their existence.

While we think that finding of fact #12 fairly interpreted, means that all of the work in question was necessary to make the building tenantable nevertheless any possible doubt regarding it is disposed of by the Trial Judge in his opinion where he says: "We are convinced that the repairs made were the minimum necessary to render the building and its equipment safely tenantable * * *." Our examination of the record reveals adequate testimony to support such finding.

The District Judge found that some portion of the defects repaired "may have existed at the time the Defendant was in possession." He did not separate those items from the balance of the repairs, presumably because he concluded that such distinction made no difference under the terms of the lease. This raises the principal issue confronting us. As we stated in our opinion on the first appeal (Girard Trust Co. v. United States, supra) federal law controls the question. Clearfield Trust v. United States, 318 U.S. 363, 366, 367, 63 S.Ct. 573, 87 L.Ed. 838; United States v. Allegheny County, 322 U.S. 174, 182, 183, 64 S.Ct. 908, 88 L.Ed. 1209.

It is conceded that the covenants of the agreement must decide the obligation of the parties. United States v. Bostwick, 94 U.S. 53, 24 L.Ed. 65. In the instant matter there is no restriction of the repairs to a specific class as was the situation in Mills v. United States, 52 Ct.Cl. 452, cited by the Government. Nor is Schroth v. United States, 74 Ct.Cl. 396, relevant for though the lease there contained the word

"repair" that term was not construed. All of the cases agree that there is no implied covenant by the lessor of suitability of leased premises.

The only reported federal decisions called to our attention or found by independent research, applicable to the existing facts are two cases from the Court of Appeals of the District of Columbia, Keroes v. Richards, 28 App.D.C. 310, 8 Ann.Cas. 575, and Enquist v. Didden, 41 App.D.C. 179. Both of these clearly indicate that the Government under its contract was obligated for necessary tenantable repairs to preexisting defects. The Keroes opinion concerned a lease obligating the lessee to pay for all repairs and to return the premises in the same state as that in which he obtained them, ordinary wear and tear excepted. On page 314 of 28 App.D.C., the Court said that the lessee was obligated to pay for a repair "notwithstanding the fact that the defective condition existed at the time of the lease." The particular repair was to a drain, worn out since the erection of the building. The premises were in the District of Columbia and the regulations of the District were changed after the original construction to provide for more expensive materials in drains. Whether this change in regulations was before or after the lease cannot be ascertained from the case as reported. Upon the lessee's refusal to do so the lessor made the repair and billed him. He refused to pay. The lessor sued for possession of the premises on the ground that the lessee's refusal constituted a breach of the terms of the lease. The verdict was for the plaintiff. Thus the case holds that the lessee was liable for the repair, but whether he was liable for the added expense due to the new regulations did not have to be decided. However, on page 316 of 28 App.D.C., Chief Justice Shepard intimated that the lessor would be liable for any extra cost between the cost of a replacement of the original type of drain and the cost of a replacement with the expensive materials required by the new regulations. This finding was dicta, but was made after a careful consideration of authorities from many state courts.

Enquist v. Didden, supra, had to do with a lease which stated that the lessee would repair the elevator on the premises. Nine months after the lessee went into possession the elevator collapsed due partly to faulty original construction. The Court, citing Keroes v. Richards, supra, held that the lessee was responsible for the expenses of the elevator repairs. Pennsylvania and general law are to the same effect. Irish v. Rosenbaum Co., 348 Pa. 194, 34 A.2d 486; Wade v. Pittsburgh Mach. Tool Co., 40 Pa. Super. 365; Lockrow v. Horgan, 58 N.Y. 635; Simkins v. Cordele Compress Co., 113 Ga. 1050, 39 S.E. 407.

■ Definition of the terms of the present lease strongly supports the view that the Government is liable for the disputed type of repairs. Webster's International Dictionary, Unabridged, Second Edition, 1940, defines "maintain" as "to hold or keep * * * an estate of efficiency;" "repair" is said to mean "to restore to sound or good state after decay, injury, dilapidation or partial destruction;" "operate" means "to perform a work or labor." The verb "service" is defined, "to perform services of maintenance, supply, repair and installation."

In connection with the question of repairs to preexisting defects, it is urged on behalf of the Government that the Trial Judge has not executed our mandate. There is no substance to this. As seen, all of the repairs were found to be necessary to the tenancy and liability for them, including those which may have been for preexisting defects, was determined to be that of the Government under its agreement. As the case has finally crystallized, the findings of fact and conclusions of law sufficiently fulfill the mandatory procedural requirements.

■ The judgment of the District Court allows costs against the Government. Section 15 of the Tucker Act, 28 U.S.C.A. § 258, which had permitted such costs to be assessed in the discretion of the Court was repealed by 36 Stat. 1168 which was in effect at the time this judgment was entered. The judgment in this case will be modified by striking out "with costs" and as modified will be

Affirmed.