### BOGORAD v. KOSBERG.

### No. 1055.

Municipal Court of Appeals for the District of Columbia.

Argued April 30, 1951.

Decided June 1, 1951.

Louis Ginberg, Washington, D. C., for appellant.

Saul G. Lichtenberg, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, hereafter called landlord, leased a commercial building to appellee, hereafter called tenant, for a term of three years. The lease contained a printed provision that the tenant would surrender the premises "at the expiration of his tenancy in good order, ordinary wear and tear and damage by the act of God or public enemy excepted." The lease also contained the following typewritten provision: "The tenant does hereby agree to make all necessary repairs at his own expense to the aforesaid premises during the term of this lease which includes the plumbing and stoppage of sewers. The owner shall keep in repair the roof only."[1] After expiration of the lease the landlord sued the tenant for the final month's rent, a water rent bill, and for damages for breach of the agreement to surrender the premises in good order and to make necessary repairs.

There appears to have been no dispute concerning the items of rent and water rent and the jury was directed to return a verdict for the landlord for their amount. The disputed issues related to a plumbing bill paid by the landlord for clearing stopped sewer lines and the repairing or rebuilding of the rear porches of the premises. The jury rendered a verdict for the landlord for the plumber's bill but awarded no damages on account of the porches. The landlord has appealed.

The landlord's main contention of error is that over his objection the tenant was permitted to introduce evidence totally immaterial and irrelevant to any of the issues and prejudicial to the landlord's case. The evidence complained of was as follows. On cross-examination the landlord was compelled to disclose that considerably less rent had been paid by prior tenants; and was likewise compelled to admit that the tenant had offered to repair the porches provided the landlord would give a new lease, at a higher rental, to one Kay, a prospective purchaser of the tenant's business, and that the landlord had asked for $2,000 as a condition to giving Kay a lease. The tenant as a part of his case was permitted to introduce evidence of Kay's offer to lease and of the landlord's demand for $2,000 for giving the lease.

We have said: "As a general rule any evidence which is logically probative of some fact in issue is relevant and prima facie admissible unless it conflicts with some settled exclusionary rule."[2] It

---

1. The tenant claimed that this typewritten provision was inserted after he signed the lease and without his knowledge.

2. Fowel v. Wood, D.C.Mun.App., 62 A. 2d 636, 637.

344

therefore becomes necessary to determine what facts were in issue here. The issues with respect to the porches (and they appear to be the only real issues in the case) were whether the tenant was responsible for keeping them in repair; if so, whether he neglected his responsibility; and, if he did, what damages resulted from his neglect.[3] We fail to see how the amount of rent paid by prior tenants or negotiations had with a prospective tenant would tend to prove this tenant's obligations—or lack of obligations—under his lease. We hold that the admission of such evidence was not only erroneous but also prejudicial. Its purpose appears to have been to portray the landlord as grasping and overreaching, because the tenant's counsel in argument to the jury described the landlord as a "money grabber." Such evidence invited the jury to render a verdict based on sympathy or prejudice.

Judgment reversed with instructions to grant a new trial.

---

3. See Keroes v. Richards, 28 App.D.C. 310; Annotations, 45 A.L.R. 12 and 106 A.L.R. 1358.