**L.V. MILLER, Jr., Plaintiff,**

v.

**AUTO CRAFT SHOP, Defendant.**

**Civil Action No. 97–T–1098–S.**

United States District Court,
M.D. Alabama,
Southern Division.

Dec. 18, 1997.

Donna Coon Crooks, Daleville, AL, for Plaintiff.

L.V. Miller, Jr., Enterprise, AL, pro se.

R. Randolph Neeley, Redding Pitt, U.S. Attorney, Ann Ashton Holmes, U.S. Attorney's Office, Montgomery, AL, for Defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

On June 19, 1997, plaintiff L.V. Miller initiated this lawsuit by filing a complaint in the small claims court of Dale County, Alabama against defendant Auto Craft Shop, an automotive repair shop operated by the United States government and located on the Fort Rucker, Alabama, military base. Miller sought damages he incurred after Auto Craft allegedly failed to repair his automobile properly pursuant to a repair contract. At the time he brought his car into Auto Craft for service, Miller was an active duty soldier stationed at Fort Rucker. Auto Craft re-

moved this lawsuit to federal court pursuant to 28 U.S.C.A. §§ 1346 and 1441. As explained more fully below, this court has jurisdiction over Miller's claims under 28 U.S.C.A. § 1346(a)(2), commonly referred to as the Little Tucker Act.

This case is currently before the court on Auto Craft's motion to dismiss or, in the alternative, for summary judgment, filed on September 22, 1997. Because the parties have submitted materials outside the pleadings and the court has considered such materials, the court will treat Auto Craft's motion as a motion for summary judgment. *See Kachler v. Taylor,* 849 F.Supp. 1503, 1507 (M.D.Ala.1994). For the reasons that follow, the court will deny the motion.

## I. BACKGROUND

The facts of this case, viewed in the light most favorable to Miller, are as follows. In September 1995, while he was an active-duty soldier stationed at Fort Rucker, Miller brought his automobile to Auto Craft for an engine overhaul. Auto Craft is a non-appropriated fund activity ("NAFA") operated by the United States whose services are available only to active or retired military personnel and their defendants. On December 4, 1995, Miller paid for the services performed by Auto Craft on his car. Miller alleges that the shop performed repairs until mid-January 1996, at which time he noticed that a "service soon" light remained illuminated. When Miller asked an employee of Auto Craft what was wrong with the car, she stated that she did not know, but that Auto Craft would honor its work if any additional problems arose. Auto Craft alleges that it provided Miller with a written warranty on automotive repair parts and labor of three months or 4,000 miles, whichever comes first, but Miller denies having been informed of any warranty restricted to 90 days.[1]

In April 1996, the automobile, which was being used by Miller's mother in Tennessee, stopped running. Miller contacted Auto Craft to inform it of this fact, and that he would be towing the car back to Fort Rucker for repairs. Auto Craft's employee said nothing at that time about whether any necessary repairs would be covered by a warranty. When Miller returned the car to Auto Craft, the shop performed diagnostic tests, without uncovering the problem. Miller alleges that an Auto Craft employee stated that the shop would pay for the repairs if Miller established that it had made a mistake in its previous repair work.

Miller next brought his car to a second repair shop which diagnosed the problem as stemming from Auto Craft's faulty installation of a part. Miller authorized the second shop to make the necessary repairs, and then requested reimbursement from Auto Craft for their cost. After repeated efforts to obtain reimbursement, Miller was informed by Auto Craft that it would not pay for the costs of the new repairs because they were performed after the car had been driven 5,000 miles since the engine overhaul.[2]

Miller next submitted a claim to the United States Army Claims Service for reimbursement of his expenses. The Claims Service made Miller an offer in the amount of $422.00, which reflected the amount he paid the second repair shop to repair his car. However, the Claims Service refused to reimburse Miller for his towing costs, the costs of diagnostic tests, and the original repair costs for the work undertaken by Auto Craft. Miller did not accept this offer, and instead brought the present action in small claims court. Miller seeks $2,448.52 in damages, plus attorneys' fees and costs.

## II. ANALYSIS

Auto Craft urges this court to enter summary judgment in its favor on three primary

---

1. Auto Craft has submitted as an exhibit to its motion a copy of a warranty that it alleges covers the repair work performed on Miller's car. Nothing in the record indicates that Miller ever received a copy of this written warranty, nor that he was told of its existence at any time. The purchase order form that Miller signed at the time he authorized Auto Craft to repair his car makes no reference to this, or any other, warranty.

The written warranty refers to itself as a "general AAFES refund and adjustment policy," but Auto Craft provides no explanation as to what AAFES stands for. The warranty may be a standard written warranty provided by NAFA auto repair shops to their customers.

2. Miller alleges that, when the second set of repairs were undertaken, the car had been driven only 3,510 miles since the overhaul.

grounds. First, it alleges that Miller's claim for damages is barred by the well-settled 'Feres doctrine', first enunciated by the Supreme Court in *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), according to which the United States may not be held liable under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 1346(b), 2671 through 2680, for damages sustained by military personnel that "arise out of or in the course of activity incident to service." Second, Auto Craft contends that this court lacks jurisdiction over Miller's claim under the Military Claims Act (MCA), 10 U.S.C.A. §§ 2731–38, which forbids judicial review of the Secretary of the Army's final settlement of a claim. Finally, Auto Craft argues that even if the court may exercise subject-matter jurisdiction over Miller's claim, summary judgment is warranted because Miller has failed to state a claim upon which relief may be granted. As explained more fully below, the court rejects each of these arguments and will deny Auto Craft's motion.

### i. Legal Standard for Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265; *see also Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir.1993) (discussing how the responsibilities on the movant and the non-movant vary depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or nonmovant bears the burden of proof at trial). In making its determination, the court must view all evidence and any factual inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### ii. Auto Craft's *Feres* Doctrine Argument

■ Auto Craft contends that the court is precluded by the *Feres* doctrine from hearing this lawsuit. That doctrine provides an exception to the FTCA for certain claims that arise from activities incident to military service. *Feres,* 340 U.S. at 146, 71 S.Ct. at 159; *Del Rio v. United States,* 833 F.2d 282, 284–286 (11th Cir.1987). Thus, Auto Craft's *Feres* doctrine argument is premised on the assumption that Miller's claim arises under the FTCA. However, because Miller's claim is based, fundamentally, on contract (including warranty) law, and not on tort law, Auto Craft's premise is flawed; simply stated, the FTCA confers federal jurisdiction only over tort claims, and not those claims, like the one at issue here, grounded essentially on a contract.

■ As the former Fifth Circuit Court of Appeals observed in *Blanchard v. St. Paul Fire and Marine Ins. Co.,* the FTCA "was designed, with certain exceptions, to 'remove the sovereign immunity of the United States from suits in tort.' Uppermost in the mind of Congress when it waived this immunity were the ordinary common law torts." 341 F.2d 351, 357 (1965) (quoting *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962)).[3] Consequently, as the *Blanchard* court went on to say, "that claims based upon breach of contract are wholly alien to the Tort Claims Act is beyond question." *Id.*

Here, although Miller's understandably perfunctory complaint filed in the small claims court does not specify whether his claim sounds in tort or in contract law, it is plain that he seeks damages stemming from Auto Craft's alleged breach of the agreement to repair his car that the parties reached in late 1995. The record evidences no relationship between the parties other than that arising from the repair contract, and clearly establishes that it is the alleged breach of that contract that prompted Miller to file his

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

lawsuit. Thus, the court is convinced that Miller's claim is essentially a breach-of-contract claim, and so does not arise under the FTCA, rendering irrelevant Auto Craft's *Feres* doctrine argument.[4]

This conclusion is valid even to the extent that Miller's suit may be said to have a tort "flavor" because his allegations hint at fraud on the part of Auto Craft. In this regard, the former Fifth Circuit's observations in *United States v. Smith* are apt:

> " 'Many breaches of contract can also be treated as torts. But in cases such as this, where the "tort" complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to "waive the breach and sue in tort" brings the case within the Federal Tort Claims Act. The notion of such waiver of breach and suit in tort is a product of the history of English forms of action; it should not defeat the long established policy that government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states.' "

324 F.2d 622, 625 (1963) (quoting *Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir.1963)). This court, consistent with this reasoning, concludes that because Miller's claim is in substance a breach-of-contract claim, and only incidentally, if at all, a tort claim, it does not fall within the purview of the FTCA.

As observed in *Salter v. United States*, 880 F.Supp. 1524, 1531 (M.D.Ala.1995) (Albritton, J.), the *Blanchard* and *Smith* decisions concerned instances in which plaintiffs attempted to disguise their contract claims as tort claims to convince federal courts to exercise jurisdiction over their claims under the FTCA. Here, interestingly, it is not the plaintiff, Miller, who attempts to persuade the court that the claim sounds in tort law, but rather the defendant, Auto Craft. The court is confronted with this atypical scenario presumably because Miller was an active-duty soldier at the time he contracted with the Auto Craft, an NAFA, to repair his car, and therefore Auto Craft anticipated that by characterizing Miller's claim as a tort claim arising under the FTCA it could invoke the *Feres* doctrine to extinguish the claim. For the reasons stated above, however, the court rejects the mischaracterization of Miller's claim as sounding in tort, and so Auto Craft's apparent strategy will not succeed.

■ Having decided that it lacks jurisdiction over Miller's claim under the FTCA, the court must next determine whether there is any other jurisdictional basis for hearing the claim. As Miller correctly observes, 28 U.S.C.A. § 1346(a)(2), the Little Tucker Act, provides such a basis. That provision confers upon federal district courts jurisdiction over any claim "against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States ... in cases not sounding in tort." 28 U.S.C.A. § 1346(a)(2). Thus, by enacting this provision, Congress surrendered the sovereign immunity of the United States for claims based upon express or implied-in-fact contracts. *See Blanchard*, 341 F.2d at 357–58.

Because, as stated, Miller's claim is founded on the repair contract that he entered into with Auto Craft, a NAFA operated by the United States, and his claim does not exceed $10,000, the court has jurisdiction over Miller's claim under the Little Tucker Act. Accordingly, it is pursuant to this enactment, and not the FTCA, that the court will hear Miller's claim, and it need not reach Auto Craft's contention that the *Feres* exception to the FTCA bars the claim from federal adjudication.

---

**4.** Curiously, in its brief in support of the motion to dismiss, Auto Craft effectively concedes that this lawsuit is contract based. Specifically, Auto Craft contends that, assuming the court decides that it has jurisdiction over Miller's claim, he has not stated a claim upon which relief may be granted because "there is no tort in Alabama for failure to properly repair a vehicle. Plaintiff's only action would be for breach of warranty which sounds in contract rather than tort.... Therefore, plaintiff has failed to state a claim under the Federal Tort Claims Act."

### iii. Auto Craft's MCA Argument

Auto Craft next contends that the court is precluded from exercising jurisdiction over this lawsuit by the MCA. Specifically, Auto Craft points to 10 U.S.C.A. § 2733(a)(2), which authorizes the Secretary of the Army to "settle" any claims against the United States for "damage to or loss of personal property ... caused by a civilian officer or employee of that department ... acting within the scope of his employment," and § 2735, which provides that such settlement is "final and conclusive." [5] Auto Crafts asserts that, because Miller submitted a claim to the United States Army Claims Service and because he was subsequently made a final offer constituting settlement of his claim under § 2735, this court lacks authority to review that final offer under the MCA.

Auto Craft is correct to observe that the vast majority of courts that have examined the "final and conclusive" settlement provision of § 2735 have concluded that it forbids judicial review of a final settlement offer made by the United States Army Claims Service, except when the complainant raises certain constitutional claims. *See Labash v. United States Dep't of Army,* 668 F.2d 1153, 1155 (10th Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982); *Towry v. United States,* 459 F.Supp. 101, 108 (E.D.La.1978) (holding that judicial review is precluded even where the outcome "is alleged to be arbitrary, capricious, an abuse of discretion, and not based on substantial evidence"), *aff'd,* 620 F.2d 568 (5th Cir.), *cert. denied,* 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981); *but see, Welch v. United States,* 446 F.Supp. 75, 78 (D.Conn.1978) (based upon its examination of the legislative history of MCA, district court concludes that the Act makes settlements of MCA claims final with respect to administrative review only, and not with respect to judicial review of the construction and application of the law).

Miller, however, does not bring this action under the MCA, nor is he asking this court to review the Claims Service's disposition of his claim. Instead, although the facts underlying this federal lawsuit are the same as those that gave rise to Miller's complaint with the Claim Service, this lawsuit is a wholly independent breach-of-contract action brought pursuant to the Little Tucker Act. Other courts have recognized that a complainant is free to adopt Miller's approach and pursue his claim both under the MCA and in a federal court action based upon another applicable statute, even where the same operative facts underlie both actions. *See United States v. Huff,* 165 F.2d 720, 725–26 (5th Cir.1948) (holding that the Tucker Act and the Military Personnel Claims Act, the precursor to the MCA, afforded concurrent remedies to complainants, despite presence of "final and conclusive" settlement language in the latter); *see also Hass v. United States Air Force,* 848 F.Supp. 926, 933 n. 6 (D.Kan.1994) (noting that a plaintiff is free to pursue remedies under the MCA and FTCA simultaneously, and that proceeding under one Act does not negate the plaintiff's right of action under the under); *Bryson v. United States,* 463 F.Supp. 908, 910 (E.D.Pa.1978) (decision by Claims Service does not preclude an action under the FTCA based on the same facts); *Arkwright Mutual Ins. Co. v. Bargain City, U.S.A., Inc.,* 251 F.Supp. 221, 227–28 (E.D.Pa.1966) (plaintiff may bring actions under both the MCA and the FTCA), *aff'd,* 373 F.2d 701 (3rd Cir.), *cert. denied,* 389 U.S. 825, 88 S.Ct. 63, 19 L.Ed.2d 79 (1967). Moreover, the two independent actions may be brought either concurrently or consecutively. *See Arkwright,* 251 F.Supp. at 227.

The court sees no reason why the holdings in these decisions should not apply with equal force here, where Miller has opted first to pursue redress under the MCA, and only to initiate an independent Little Tucker Act action when he was dissatisfied with the Claims Service's final settlement offer. This court will not undertake a review of the Claims Service's decision-making, but will instead address Miller's breach-of-contract claim independently under applicable law pursuant to the Little Tucker Act. Thus, the court rejects Auto Craft's contention that this federal court action is precluded by the

---

**5.** In 10 U.S.C.A. § 2731, the term "settle" is defined as meaning "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance."

MCA, and will next determine whether it should grant Auto Craft's motion for summary judgment on the merits of Miller's claim.

### iv. Auto Craft's Argument that Miller Has Failed to State a Claim upon which Relief May Be Granted

It is well-established that, in breach-of-contract actions brought pursuant to the Little Tucker Act, federal law governs the interpretation and application of the contract at issue. *See Blanchard,* 341 F.2d at 358; *Woodbury,* 313 F.2d at 295; *Girard Trust Co. v. United States,* 149 F.2d 872, 874 (3rd Cir.1945). Therefore, general principles of federal contract law govern the determination of whether Miller's claim should survive Auto Craft's summary-judgment motion.

Applying such principles of law to the allegations in Miller's complaint, the court has no difficulty concluding that his claim survives Auto Craft's motion. The record before the court indicates, and Auto Craft proffers no evidence to refute, that Miller and Auto Craft entered into a repair contract in late 1995 in which the repair shop promised to overhaul Miller's automobile engine, and pursuant to which Miller paid the shop $1,859.37. The record further indicates that Auto Craft breached the repair contract by failing to repair the car properly, specifically by improperly installing a part. The evidence also shows that Miller incurred additional expenses as a consequence of Auto Craft's alleged breach when he towed the car back to Fort Rucker and paid another automotive repair shop to repair it. Finally, the uncontradicted record demonstrates that an employee at Auto Craft promised that Miller would be reimbursed for any repairs to the car necessitated by Auto Craft's faulty repair work.

In light of this evidence, a substantial portion of which remains unrefuted by Auto Craft, the court concludes that Miller has satisfied his burden necessary to survive Auto Craft's summary-judgment motion.

No evidence proffered by Auto Craft persuades the court to find otherwise. Aside from its contention that Miller has failed to state a claim under the FTCA, which, as discussed above, is not relevant to this action, Auto Craft's sole remaining argument in support of its motion is that a warranty allegedly governing its repair work had expired before Miller first contacted the repair shop regarding the problems with his car. The court refuses to grant the motion for summary judgment on that basis. As stated, the uncontradicted record shows that Miller was not aware of any 90-day warranty covering the repairs, and Auto Craft has offered no countervailing evidence that Miller was either told about or given a copy of the written warranty. Nothing on the written warranty document itself indicates that Miller ever saw or received a copy of it. Moreover, the record also indicates that Miller did in fact inform an Auto Craft employee of a potential problem with the car upon picking it up from the repair shop, well within any 90-day warranty period, and that the employee was unable to diagnose the problem.

Thus, the court re-affirms its conclusion that Miller's claim under the Little Tucker Act survives Auto Craft's motion for summary judgment.

Accordingly, it is ORDERED that the motion to dismiss or, in the alternative, for summary judgment, filed by defendant Auto Craft Shop on September 22, 1997, is denied.