UNITED STATES of America, Appellant,

v.

Robert SMITH, d/b/a Smith Contracting Company, et al., Appellees.

No. 20216.

United States Court of Appeals Fifth Circuit.

Nov. 19, 1963.

Morton Hollander, Kathryn H. Baldwin, David L. Rose, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Donald H. Fraser, U. S. Atty., for appellant.

John C. Wylly, Ralph L. Crawford, John R. Calhohn, Charles L. Sparkmen, Savannah, Ga., for appellees.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

TUTTLE, Chief Judge.

The United States appeals from a judgment of the trial court holding it liable under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to six subcontractors who performed work for a Government prime contractor on the ground that he had failed to require a payment bond from the contractor under the Miller Act, 40 U.S.C.A. § 270a, before execution of the prime contract.

The facts are not in dispute. Government contracting officers let contracts with the Tropical Pool and Construction Co., Inc. to build two swimming pools at Hunter Air Force Base in Georgia. Tropical obtained materials and services from the appellees as subcontractors and failed to pay the amounts here sued for. It turned out that the contracting officers had failed to require Tropical to provide the payment bond which is required by the Miller Act in the following language:

> "Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person * * *."

The absence of such payment bond made it impossible for the appellees to collect for the materials and labor furnished by them on the job. Tropical had in the meantime become insolvent. Appellees filed this suit on the theory that such failure on the part of the contracting officers amounted to negligence which would support a suit by them against the United States under the Tort Claims Act. The language of this Act relied on by appellees is as follows:

> "The district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,

624

under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346.

The trial court held, "the contracting officers for the Government were required by law to obtain payment bonds before the contracts were awarded for the purpose of protecting persons furnishing labor, supplies and materials to the prime contractor and that in failing to obtain such payment bonds violated the Miller Act." Looking to the Georgia prima facie Tort Statute § 105–103, 1933 Code of Georgia, which gives a cause of action for damages for breach of a legal duty, the court held that "when the contracting officers failed to require the posting of the payment bonds, as provided for under the Miller Act, then the United States subjected itself to a claim in tort under the Federal Tort Claims Act, which by reference incorporated therein the Georgia statute having to do with the breach of legal duty giving rise to a cause of action in favor of the plaintiffs."

The appeal of the United States is based on three general grounds: (1) The United States owed no duty to appellees under the Miller Act to obtain the payment bond; (2) Appellees have no cause of action within the coverage of the Federal Tort Claims Act; (3) The Georgia law does not give recovery in tort in the circumstances of this case.

In support of its first ground, the Government points to the language of the statute itself and stresses the fact that the only obligation created there is an obligation placed on the contractor to furnish the bond, pointing likewise to the fact that the statute is silent as to any obligation expressly placing a duty on the contracting officers. The Government argues from this that its agents violated no duty imposed by statute by reason of the failure of the contractor to carry out his statutory obligations. Furthermore, it is the argument of the United States that even if the contracting officers were at fault in not requiring the posting of the bond, the language of the statute did not create a duty owed *to the laborers and materialmen, but created a duty only to the United States.*

■ The burden of the Government's argument here is that this was merely a "housekeeping" statute, passed for the protection of the Government in its contracting for Government construction work which, to be sure, greatly benefited laborers and materialmen but which could not be relied upon by them to shift the ultimate risk of non-payment to the Government if there was a failure to exact the bond. The Government cites Perkins v. Lukens Steel Co., 310 U.S. 113, 116, 60 S.Ct. 869, 84 L.Ed. 1108, dealing with the Public Contracts Act, 41 U.S. C.A. § 35, as persuasive of the proposition that such statutes do not create a right on behalf of the individual if its terms fail to be carried out by the Government agent. See also United States v. Warsaw Elevator Co., 2nd Cir., 213 F.2d 517, in which it was held that the Public Contracts Act was "a self-imposed restraint, a matter of internal housekeeping. It was never intended to confer enforceable rights on private parties contracting under its aegis." We do not need to decide whether the Miller Act placed on the United States Government a duty to the supplier of labor and materials in a public contract to see to it that the bond required of the contractor be executed prior to the letting of the contract, because we conclude that the Government's second ground of appeal requires a reversal of the judgment of the court here. We conclude that in light of the terminology of the Tort Claims Act creating a civil action against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government under circumstances where the United States, *"if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"* simply cannot apply where the claimed negligence arises out of the failure of the

United States to carry out a statutory duty in the conduct of its own affairs. This is so because it is impossible to equate the relationship of the parties in such a situation to any state law relationship where the person sought to be bound is a "private person" who "would be liable to the claimant in accordance with the law" of the state. The existence or nonexistence of a claim by a laborer or materialman under a Government contract depends entirely upon Federal statute. There being no possibility of such a situation being construed by state law, the attempt to vindicate such right, it seems clear, cannot bring it within the ambit of the tort claims law language which says in effect that the United States may be sued for certain negligent conduct if such negligent conduct perpetrated by a private person would give rise to the claimant under state law. The nature of the claim sought by the claimant here is simply not one which would be asserted against "a private person" under the laws of the State of Georgia.

 This view of the matter is consistent with the general concept of the tort claims law as being for the purpose of permitting a recovery in the case of an ordinary common-law tort. In Dalehite v. United States, 346 U.S. 15, 28, 73 S.Ct. 956, 964, 97 L.Ed. 1427, the court said, "Uppermost in the collective mind of Congress were the ordinary common-law torts. (Fn. omitted) Of these, the example which is reiterated in the course of the repeated proposals for submitting the United States to tort liability is 'negligence in the operation of vehicles.'" (Fn. omitted) In Richards v. United States, 369 U.S. 1, 8, 82 S.Ct. 585, 590, 7 L.Ed.2d 492, the court said, "The concern of Congress, as illustrated by the legislative history, (Fn. omitted) was the problem of a person injured by an employee operating a Government vehicle or otherwise acting within the scope of his employment." While we recognize that much of what was held in the Dalehite case has since been modified by cutting down the exception based on a discretionary function on the part of the Government, the legislative history of the Act remains the same. We think that it indicates clearly that Congress did not intend to permit the suit against the United States for the contract price of a construction project remaining unpaid by the contractor merely because under the laws of some of the states a state or municipality might be subject to such liability for the protection of such unpaid creditors on state public contracts.

██ We think Woodbury v. United States, 9th Cir., 313 F.2d 291 at page 295, is here apposite:

"Many breaches of contract can also be treated as torts. But in cases such as this, where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to 'waive the breach and sue in tort' brings the case within the Federal Tort Claims Act. The notion of such waiver of breach and suit in tort is a product of the history of English forms of action; it should not defeat the long established policy that government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states."

The judgment is reversed and the case is remanded to the trial court for the entry of judgment for the United States.