**GEO. BYERS SONS, INC.**

v.

**EAST EUROPE IMPORT EXPORT, INC.** and John S. Connor, Inc. and Robert Ross and Fletcher I. Potter, Jr. and Frances Kain and Robert Hoerner (Individually and in Official Capacity) Customs Inspector United States Customs Service and William Hedrick (Individually and in Official Capacity) Customs Inspector United States Customs Service and the United States of America.

Civ. No. B–77–450.

United States District Court,
D. Maryland.

Jan. 5, 1979.

Luke Marbury, Robert R. Bair and Venable, Baetjer & Howard, Baltimore, Md., for plaintiff.

Robert Ross, pro se, for East Europe Import Export, Inc.

James R. White, Baltimore, Md., for John S. Connor, Inc.

Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., for Dist. of Md.

Richard D. Bennett, Asst. U. S. Atty., Paul Barron, U. S. Customs Service, Baltimore, Md., for the U. S., Fletcher I. Potter, Frances Kain, Robert Hoerner and William Hedrick.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

The plaintiff, Geo. Byers Sons, Inc. (Byers), has brought this action arising out of its purchase of motorcycles imported into the United States for sale. Byers claims that it was injured because the motorcycles were admitted into the commerce of the United States through customs although they did not bear the required certificate of compliance with applicable federal motor vehicle safety standards. The defendants are the importer and its agent, the customs house broker, four customs officials, and the United States.

Byers' tenth claim is brought against the United States alleging negligence, and is predicated upon 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. (the Act). The four customs officials, Fletcher Potter, Frances Kain, Richard Hoerner, and William Hedrick, are defendants in Byers' tenth and eleventh claims, which allege negligence and are premised on diversity jurisdiction, 28 U.S.C. § 1332. Byers alleges that the customs officers had a duty to deny entry to motor vehicles not bearing a certificate of compliance, and that the officers negligently admitted these motorcycles without such a certificate, thereby causing substantial damage to Byers.

The United States and the customs officials have moved for summary judgment. Due to the pendency of its motion for summary judgment, the United States has also moved for a protective order, to which Byers responded with a motion to compel discovery. The issues have been well briefed by both sides and no hearing is necessary. Local Rule 6.

## I. *Motion of the United States for Summary Judgment.*

The United States in its motion for summary judgment contends, *inter alia,* that Byers' action is barred by the Federal Tort Claims Act in that the United States is only liable under the Act in the same manner as would be a private individual under like circumstances. 28 U.S.C. § 2674. The United States submits that a claim under the Act cannot be based solely on the breach of a federal duty, and that, since no comparable private duty under Maryland law has been shown, Byers has no valid claim against the United States under the Act. Byers states in response that under like circumstances its claim of negligence would be cognizable under Maryland law. The court will grant the United States' motion.[1]

The Federal Tort Claims Act renders the United States liable for the negligence of its employees ". . . in the same manner and to the same extent as a private individual under like circumstances . . ." 28 U.S.C. § 2674. The corresponding jurisdictional provision, 28 U.S.C. § 1346(b), provides in pertinent part as follows:

. . . [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the*

*claimant in accordance with the law of the place where the act or omission occurred.* (Emphasis added).

It is well settled that no cause of action under the Act against the United States will lie where the claim is based on a violation of a federal statute or regulation, in the absence of a violation of some other common law duty under the applicable state law. *Devlin Lumber and Supply Corp. v. United States,* 488 F.2d 88, 89 (4th Cir. 1973); *Zabala Clemente v. United States,* 567 F.2d 1140, 1149–50 (1st Cir. 1977), *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); *Baker v. F & F Investment Company,* 489 F.2d 829, 835 (7th Cir. 1973); *United States v. Smith,* 324 F.2d 622, 624–25 (5th Cir. 1963); *Davis v. United States,* 395 F.Supp. 793, 795–96 (D.Neb. 1975), *aff'd per curiam,* 536 F.2d 758 (8th Cir. 1976). "[E]ven where specific behavior of federal employees is required by federal statute, liability to the beneficiaries of that statute may not be founded on the Federal Tort Claims Act if state law recognizes no comparable private liability." *Zabala Clemente,* 567 F.2d at 1149. The scope of the Act is generally limited to "ordinary common-law tort" claims. *Davis,* 536 F.2d at 759; *Smith,* 324 F.2d at 625. Where there can be no counterpart to the federal duty in private activity, a violation of that duty does not create liability on the part of the United States under the Act. *Devlin,* 488 F.2d at 89; *Smith,* 324 F.2d at 625; *see Feres v. United States,* 340 U.S. 135, 141–42, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

Applying these principles, it is clear to the court that Byers' claim against the United States under the Act must fail. Byers' cause of action against the United States in essence is that the customs officers negligently admitted the motorcycles into the United States without requiring a certificate of compliance with federal motor vehicle standards. Byers claims that the customs officers had a duty to require the importer to furnish a statement of compliance, or to refuse entry to the motorcycles

1. In view of the court's decision to grant the motion of the United States for summary judg-    ment, it is unnecessary to discuss the other two grounds for the United States' motion.

not bearing a certificate. The source of this alleged duty is 15 U.S.C. § 1397 of the National Traffic and Motor Vehicle Safety Act, and regulations promulgated thereunder, in particular 19 C.F.R. § 12.80. This cause of action is one arising out of these federal statutes and regulations, and not state law. Byers may not base a claim against the United States solely on a violation of a federal duty. Byers has not shown any common law duties protecting it against the activities of the customs officers alleged here. Indeed, it is extremely doubtful that there could ever be a private duty or activity comparable to the uniquely federal duties of these customs officers under 19 C.F.R. § 12.80. Under these circumstances, the cases cited above demonstrate that the United States cannot be liable to Byers under the Act.

This conclusion is not inconsistent with *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), and the other cases relied upon by Byers. In those cases, the government agents were violating some independent common law duty or obligation. For example, *Indian Towing* concerned the negligent operation of a lighthouse by the Coast Guard, and the Supreme Court specifically found such a common law duty, stating:

> It is hornbook tort law that one who undertakes to warn the public of danger and thereby induces reliance must perform his "Good Samaritan" task in a careful manner.

350 U.S. at 64–65, 76 S.Ct. at 124. In this case, Byers has shown no duty under Maryland law applicable to the actions of the customs officers here, nor has it hypothesized any parallel private liability. Instead, its claim is based solely on the alleged breach by the customs officials of their duties under federal statutes and regulations. Since Byers has not shown that the customs officials violated any duty imposed by Maryland law, its claim of negligence against the United States is barred by 28 U.S.C. § 1346(b) and § 2674.[2]

**2.** Since the court's decision will eliminate the United States as a party to the case, the motions filed by Byers and the United States relating to discovery to be obtained from the United States are now moot.

## II. *Motion of the Customs Officers for Summary Judgment.*

The individual customs officials, Fletcher Potter, Frances Kain, Richard Hoerner, and William Hedrick, have moved for summary judgment on the ground that they owed no duty to Byers, so that Byers' claims for negligence asserted against them must fail. Their motion will be granted.

For Byers to maintain an action for negligence against the customs officers, it must show that the customs officers owed some legal duty or obligation to Byers. *Bauman v. Woodfield*, 244 Md. 207, 223 A.2d 364, 368, 370 (1966). Byers has identified no common law duty owed by the customs officers to it. Instead, it bases its claim for negligence on the duties imposed upon the officials by 15 U.S.C. § 1397 and, in particular, by 19 C.F.R. § 12.80 to refuse entry to motor vehicles not bearing certification of compliance. To use a statutory duty as a foundation for a negligence claim, the plaintiff must show that it was within the class of persons the legislation was intended to protect and that the alleged injury was of the type of harm which the statute was intended to prevent. *See Gardenvillage Realty Corp. v. Russo*, 34 Md. App. 25, 366 A.2d 101, 107 (1976); W. L. Prosser, *Law of Torts*, 194, 195 (4th ed. 1971); Restatement (Second) of Torts, §§ 286, 288. Byers can satisfy neither of those two requirements in the instant case.

As mentioned above, Byers relies on certain sections of the National Traffic and Motor Vehicles Safety Act, 15 U.S.C. §§ 1381–1431 (the Safety Act), and regulations promulgated thereunder, for its contention that the customs officers owed certain duties to Byers. The purpose of the Safety Act was stated in 15 U.S.C. § 1381 as follows:

> Congress hereby declares that the purpose of this chapter is to reduce traffic accidents and deaths and injuries to per-

sons resulting from traffic accidents. Therefore, Congress determines that it is necessary to establish motor vehicle safety standards for motor vehicles and equipment in interstate commerce; to undertake and support necessary safety research and development; and to expand the national driver register.

It is readily apparent in light of § 1381 that the overriding purpose of the Safety Act is to decrease the number of traffic accidents, thereby reducing the resulting deaths and personal injuries. The class of persons intended to be protected by the Safety Act and regulations thereunder would include those using the highways, both as drivers and passengers; however, the Safety Act is not intended to protect a merchant such as Byers who purchased motorcycles for resale. Moreover, the harm which the Safety Act is attempting to prevent is the personal injury resulting from traffic accidents; it is not meant to protect a large-scale purchaser of motorcycles from commercial loss resulting from a business transaction. In short, neither is Byers within the class of persons the Safety Act is meant to protect, nor is the alleged economic injury suffered by Byers the type of harm the Safety Act is intended to prevent.

■ Byers, however, submits that, even if the safety provisions of the Safety Act are intended to protect users and consumers of motor vehicles, the documentation provisions requiring certification of compliance are intended to protect just such dealers as Byers. The court disagrees. The certification requirements of the statute and regulations are an integral part of the Safety Act, and facilitate the achieving of the purpose set forth in 15 U.S.C. § 1381. The certification provisions aid in the administration of a complex regulatory statute; they are not intended to protect a dealer in motor vehicles such as Byers from commercial loss resulting from its purchase of vehicles not in conformance with the Safety Act's requirements. Since the court has concluded that Byers may not maintain a negligence

action against the customs officers based on their duties under the Safety Act and its regulations, and since Byers has shown no other applicable common law duties of the officials, the negligence claims against the customs officers must fall.[3]

Accordingly, it is this 5th day of January, 1979, by the United States District Court for the District of Maryland, ORDERED:

1. That the motion of the United States for summary judgment be, and hereby is, GRANTED;

2. That the motion for protective order by the United States and the motion to compel by Byers are MOOT; and

3. That the motions for summary judgment by Fletcher Potter, Frances Kain, Richard Hoerner, and William Hedrick be, and hereby are, GRANTED.

---

3. Since the court will grant the motion of the customs officers for summary judgment on this ground, it need not discuss the other ground for the motion.