The facts of this case arise from a dispute between adjoining landowners regarding the location of the boundary between their respective lots. Specifically, it is agreed that the boundary between the lots is the location of a contour line 511 feet above mean sea level, as it existed when Alabama Power Company took a deed to that portion of the lot at or below the contour line as part of the construction of Neely Henry Dam Reservoir.
The dispute on which this case is based occurred when it was suspected that the location of the original 511-foot contour line had been changed by land filling. Alabama Power Company claimed that the location of that contour line had been changed to its detriment, while the Laneys claimed that it had not. *Page 22 
The Laneys filed a complaint seeking damages from Alabama Power Company under the theories of libel, libel per se, slander, slander of title, interference with business relations, negligence, and wantonness. The complaint also requested an order quieting title to certain real property.
Following the close of the Laneys' evidence, verdicts were directed in favor of Alabama Power Company on the following counts: libel, libel per se, slander, and interference with business relations. The slander of title count was voluntarily dismissed by the Laneys.
The aspect of the Laneys' claim for damages that was submitted to the jury charges Alabama Power Company with negligence and wantonness. The basis for this allegation is that Alabama Power Company did not have sufficient grounds to determine that the original location of the boundary line had changed and that Alabama Power Company did not assert any claim it may have had to the subject property in a reasonable manner.
Following the close of all the evidence, the trial court charged the jury that "[i]n Alabama a person has a legal duty not to assert or claim ownership to real property that is owned by some other person." A jury verdict was returned in favor of the Laneys in the amount of $75,000.00. The jury also rendered a verdict which quieted title in favor of the Laneys.
Alabama Power Company then filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. Following the denial of this motion, Alabama Power Company filed its notice of appeal to this Court.
The issue presented on appeal is whether Alabama recognizes a legal duty to not assert or claim ownership to real property that is owned or claimed by another. The aspect of the Laneys' claim for damages that was submitted to the jury charges Alabama Power Company with negligence and wantonness.
There must be a duty owing from the defendant to the plaintiff to successfully prove the negligence or wantonness of another. If there is no duty, there is no cause of action.Calvert Fire Insurance Co. v. Green, 278 Ala. 673,180 So.2d 269 (1965). In this case the plaintiffs never described any specific duty that it alleged Alabama Power Company breached. The trial court instructed the jury, however, that "[i]n Alabama a person has a legal duty not to assert or claim ownership to real property that is owned by some other person."
Alabama Power argues that the law in Alabama does not afford a cause of action for any negligence or wantonness in asserting claim of title to real property in a boundary line dispute. Accordingly, Alabama Power argues, the trial court wrongfully instructed the jury on this duty.
The Laneys argue, however, that the duty to use due care not to harm the person or property of another is of common law origin. Citing Liberty National Life Insurance Co. v. Weldon,267 Ala. 171, 100 So.2d 696 (1957), the Laneys submit that this case does not contain a new cause of action. Quoting from theWeldon decision, the Laneys state that "there is a duty upon all to exercise reasonable care not to injure another."267 Ala. at 185, 100 So.2d 696.
Although this language is present in Weldon, the controlling issue of the Weldon opinion is whether a life insurance company has the duty to use reasonable care not to issue a policy of life insurance in favor of a beneficiary who has no interest in the continuation of the life of the insured. The Weldon court, in reversing the trial court's decision to dismiss plaintiffs' complaint, recognized that there was a specific duty involved. In this cause there is only a general duty involved. Thus,Weldon is distinguishable from this case.
A review of Alabama law shows that this state does not afford a cause of action for any negligence or wantonness in asserting claim of title to real property in a boundary line dispute. Instead, it is generally held that "a rival claimant is conditionally privileged to disparage another's property in land by an assertion of an inconsistent *Page 23 
legally protected interest in himself." Restatement (Second) of Torts, § 647 (1977). Comment (f) to this section states that an owner has the legal right to discuss his claim of title with the coterminous owner without fear of liability even if he is proved to be wrong.
In this case, Alabama Power Company has a legally protected interest in the lot. They also have an affirmative duty under a license to operate the Neely Henry Dam Reservoir granted by the Federal Power Commission (now the Federal Energy Regulatory Commission) to protect shoreline property from encroachments, acts of pollution and the like.
The evidence shows that Alabama Power Company's claims to the property were made in good faith. The Restatement (Second) of Torts, § 647 (1977), Comment (b), states that one may assert a claim against another's property "provided that the assertion is honest and in good faith, even though [the belief in one's claim] is neither correct nor reasonable."
This case involves a boundary line dispute between adjoining property owners. Each property owner has a perfect legal right to protect his title. Therefore, this Court finds that there is no reason to create a new cause of action recognizing a legal duty to not assert or claim ownership to real property that is owned or claimed by another. Adequate remedies exist for landowners damaged by assertions of claim by another without the recognition of a new cause of action.
For example, actions for slander of title are brought under section 6-5-211, Code 1975, which states, "The owner of any estate in lands may commence an action for libelous or slanderous words falsely and maliciously impugning his title." The language of this statute makes it clear that it was enacted with situations such as this case in mind. In the instant case, the Laneys voluntarily withdrew this claim for damages under slander of title since each of the conversations claimed to have been slanderous had been conducted by Jack Doss and the owner of the property. There was no publication to a third party; thus, the elements to establish a slander of title action were not met. (For a discussion of the elements, seeWomack v. McDonald, 219 Ala. 75, 121 So. 57 (1929).)
This Court likewise finds that a new cause of action should not be created because quiet title actions are an adequate remedy. The quiet title action is designed to "clear up all doubts or disputes concerning [the land]." Anderson v. Moorer,372 F.2d 747 (5th Cir. 1967). The Laneys brought a quiet title action in this case and the trial court ruled in their favor. Alabama Power Company does not dispute this ruling. The Court erred, however, in instructing the jury as to what this Court finds would create a new cause of action in this state.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.