Albert **WEAVER**, Weaver and Sons; Randy Williams, Midcoast Construction Company; Benny Wheat, Capers and Wheat Masonry, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. S88–0425(GN).

United States District Court,
S.D. Mississippi, S.D.

Oct. 19, 1989.

Ben F. Galloway, Tim C. Murr, Gulfport, Miss., for plaintiffs.

Stephen R. Graben, Asst. U.S. Atty., Biloxi, Miss., for defendant.

## OPINION

GEX, District Judge.

This cause is presently before the Court on motion of the defendant, United States of America (the United States), to dismiss the above styled and numbered cause pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3) of the Federal Rules of Civil Procedure. The United States asserts that this Court lacks subject matter jurisdiction over the plaintiffs' claims and that the plaintiffs have failed to state a claim upon which relief can be granted.

### Facts

This is an action against the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq* (FTCA). Plaintiffs are three former subcontractors on a United States Navy building project who were not paid by the prime contractor for certain material and labor supplied by them in 1986.[1] A surety bond which guaranteed payment of any subcontractor's claim had been obtained by the prime contractor in compliance with the Miller Act, 40 U.S.C. Section 270a. However, the surety, Integrity Insurance Company (Integrity), was removed from the list of acceptable sureties approved by the United States Department of Treasury after approximately seventy percent (70%) of the contract had been completed. A notice was sent to the Navy which stated in part:

> With respect to any bonds currently in force with Integrity Insurance Company, bond-approving officers for the Government should secure new bonds with acceptable sureties in those instances

where a significant amount of liability remains outstanding....
Notice, 51 Fed.Reg. 33,337 (1986).

The Government did not secure new bonds with another surety or warn the plaintiffs that Integrity had been removed from its list of approved sureties. Integrity went into receivership before paying the plaintiffs' claims. Plaintiffs now seek payment from the United States claiming that the Government was negligent in failing to warn the subcontractors of the removal of Integrity from the list and/or in not requiring the prime contractor to secure new bonds with acceptable sureties.

### DISCUSSION

Upon consideration of the United States' motion to dismiss pursuant to Rule 12(b)(6), this Court must construe the Complaint in the light most favorable to the plaintiffs, and the allegations must be accepted as true. *Radovich v. National Football League*, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (1956); *Reeves v. City of Jackson*, 532 F.2d 491, 493 (5th Cir.1976). The motion may not be granted unless it is apparent that the plaintiffs would not be entitled to recover under any state of facts which could be proven in support of their claims.

It is generally recognized that the United States is immune from suit, except to the extent that such immunity may have been waived by Congress. *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). One of the areas in which immunity has been waived is found in the FTCA. Under the FTCA, claims for monetary damages against government agencies for the tortious acts of their employees can be maintained. Yet this waiver is not without limitation. Congress limited the liability of the United States under the FTCA to that of a private individual under like circumstances. 28 U.S.C. Section 2674.

Therefore, a claim against the United States under the FTCA may only be main-

---

1. The individuals referenced in the style of this cause have never asserted claims in this proceeding, and they are simply named as representatives of the business entities which have heretofore complied with all administrative procedures required under the FTCA.

tained for tortious acts not otherwise excluded and only to the extent that a private individual would be liable under like circumstances. This restriction is limited to an application of the substantive law of the place where the act or omission complained of occurred. 28 U.S.C. Section 1346(b). Applying these general restrictions for the maintenance of a tort claim against the United States to the factual allegations in the case *sub judice,* the Court finds that the plaintiffs' complaint fails to state a claim against the United States upon which relief can be granted under the provisions of the FTCA.

■ The plaintiffs assert that the United States and its bond-approving officers had an affirmative duty to either secure new bonds or to warn the plaintiffs of the removal from the list. In order to state a cause of action under the FTCA for the violation of a federal statute by a government employee, there must be a similar state law cause of action recognizing private liability. Stated otherwise:

Where specific behavior of federal employees is required by federal statute, liability to the beneficiaries of that statute may not be founded on the Federal Tort Claims Act if state law recognizes no comparable private liability. *Zabala Clemente v. United States, supra,* 567 F.2d 1140, at 1149. (C.A.1 1977). *See also, Baker v. F & F Investment Co.,* 489 F.2d 829, 835 (7th Cir.1973); *Devlin Lumber and Supply Corp. v. United States,* 488 F.2d 88 (4th Cir.1973); *United States v. Smith,* 324 F.2d 622, 624–25 (5th Cir.1963).

*Zeller v. United States,* 467 F.Supp. 487, 505 (E.D.N.Y.1979). In the case at hand, the plaintiffs have failed to show that under Mississippi substantive law the United States, if a private person, owed them a duty to warn and/or duty to obtain a replacement surety.

In *United States v. Smith, supra,* the plaintiff, an unpaid materialman on a government construction contract, sued the United States under the FTCA claiming that the federal contracting officers were negligent in failing to require the prime contractor to provide the payment bond required by the Miller Act, 40 U.S.C. Section 270a. The Fifth Circuit found that the United States was not liable since a private person would never be in a position to require the posting of a Miller Act bond. The *Smith* Court stated that:

[FTCA] simply cannot apply where the claimed negligence arises out of the failure of the United States to carry out a statutory duty in the conduct of its own affairs. This is so because it is impossible to equate the relationship of the parties in such a situation to any state law relationship where the person sought to be bound is a "private person" who "would be liable to the claimant in accordance with the law" of the state. The existence or nonexistence of a claim by a laborer or materialman under a Government contract depends entirely upon Federal statute. There being no possibility of such a situation being construed by state law, the attempt to vindicate such right, it seems clear, cannot bring it within the ambit of the tort claims law language which says in effect that the United States may be sued for certain negligent conduct if such negligent conduct perpetrated by a private person would give rise to the claimant under state law.

*Smith, supra* at 624–25. *See also, Arvanis v. Noslo Engineering Consultants, Inc.,* 739 F.2d 1287 (7th Cir.1984); *McMann v. Northern Pueblos Enterprises,* 594 F.2d 784 (10th Cir.1979).

Applying these principles to the case *sub judice,* the plaintiffs have failed to state a cause of action under the FTCA. The plaintiffs have not shown that under Mississippi substantive law the United States, if a private person, owed them a "duty to warn" of the surety's removal from the Department of the Treasury's list of approved sureties or a "duty to demand that the prime contractor obtain" a replacement Miller Act payment bond. This failure to show that the United States, if a private individual, owed a duty of care to the plaintiffs deprives this Court of subject matter jurisdiction and is fatal to the plaintiffs' claims.

The plaintiffs do not cite, and the Court was unable to find, a single authority which places such duties upon private individuals under the substative law of Mississippi. The plaintiffs reliance on *Dube v. Pittsburgh Corning*, 870 F.2d 790 (1st Cir. 1989), an FTCA suit brought against the Navy for failure to warn of asbestos dangers, is misplaced since that case was based on a duty *under Maine law*. The plaintiffs in the case *sub judice* presented no authority of establishing a duty to warn or duty to require a replacement surety *under Mississippi law*.

The plaintiffs also rely on *Ohio Casualty Insurance Co. v. United States*, 12 Cl.Ct. 590 (1987), in which the Claims Court held that the United States, under the Miller Act owed an equitable duty to a Miller Act performance and payment bond surety not to abuse its discretion in administering a construction contract. The Court finds that this decision has nothing to do with the issues at hand. *Ohio Casualty* was not a tort action against the United States under the FTCA, but rather was an action in the Claims Court wherein jurisdiction was based on the Miller Act; and the duty imposed on the United States arose from the contractual relationship between the Government and the Miller Act surety.

Plaintiffs argue that they have stated, in part, a claim for negligence under Mississippi law on the basis of the Government's failure to warn the sub-contractors that the prime contractor's surety was "in trouble" and had been removed from the list of approved sureties. This assertion, however, does nothing to change the fact that plaintiffs have presented no Mississippi law requiring a private individual in the same circumstances to warn. In other words, there is no duty under the substantive law of Mississippi, and it is a basic rule of law that there can be no cause of action for negligence if the actor owes no duty.

## CONCLUSION

The plaintiffs have failed to demonstrate the existence under Mississippi law of an actionable duty, and thus, they have failed to state a cause of action against the United States cognizable under the FTCA. Therefore, the plaintiffs claims against the United States in the above styled and numbered cause shall be dismissed. An Order in conformity with this Opinion shall be submitted by the United States Attorney within ten (10) days of its entry.