Charles G. SALTER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Carol SALTER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 92–A–0926–S, 93–A–1248–S.

United States District Court,
M.D. Alabama,
Southern Division.

March 31, 1995.

Larry Clyde Jarrell, Troy, AL, James P. Rea, Hogan, Smith, Alspaugh, Samples & Pratt, Birmingham, AL, for plaintiffs.

Stuart Gerson, Washington, DC, Kenneth E. Vines, Redding Pitt, U.S. Atty., U.S. Attys. Office, Montgomery, AL, Heidi E. Weckwert, Phyllis Jackson Pyles, James G. Touhey, Jr., Michael T. Truscott, U.S. Dept. of Justice, Torts Branch, Civ. Div., Frank W. Hunger, Asst. Atty. Gen., U.S. Dept. of Justice, Civ. Div., Washington, DC, for U.S.

*MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

## I. INTRODUCTION

This cause is now before the court for consideration of the Motions for Summary Judgment filed by the Defendant, the United States of America (hereinafter "Defendant") on January 26, 1995. For the reasons stated below, the court finds that the Defendant's Motions for Summary Judgment are due to be DENIED.

## II. FACTS AND PROCEDURAL HISTORY

This case grew out of events which occurred within the course of operations of the Southern Boll Weevil Eradication Program ("Program"). The Program is a cooperative effort by the federal government, several state governments, and cotton producers to eradicate the boll weevil, a cotton-destroying pest.

Each state participating in the Program has a nonprofit corporation known as a foundation. Each foundation consists of cotton growers, state regulators, and technical advisors. The various state foundations send representatives to the regional Southeastern Boll Weevil Eradication Foundation ("Foundation"). Each year, the Foundation signs a "Cooperative Agreement" with the United States Department of Agriculture Animal and Plant Health Inspection Service ("APHIS"). The Program is conducted in accordance with the Cooperative Agreements which specify the duties assigned to the Foundation and the duties assigned to APHIS. The Foundation pays approximately seventy percent of the Program's operating expenses, and the federal government pays the remaining thirty percent of the expenses.

From 1987 until 1990, Charles G. Salter ("Salter") worked in the Program as an employee of the Foundation. Salter alleges that while working in the cotton fields in and around Coffee County, Alabama, he was exposed to excessive amounts of pesticides which caused him to suffer mental, emotional, and physical injuries. Salter timely filed a claim for his injuries with APHIS which failed to make a final disposition of the claim within the time allowed by law.

On July 30, 1992, Salter and his wife (collectively "Plaintiffs") filed suit for money damages in this court against the Defendant under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671 *et seq.*, alleging claims based on negligence and misrepresentation. Mrs. Salter claimed damages for loss of consortium.

The substance of Salter's negligence claim is that APHIS employees (who are, more broadly speaking, employees of the Defendant, the United State of America) negligently failed to provide him with the equipment that he needed to safely perform his work in the cotton fields. Salter also claims that APHIS employees negligently trained him on how to perform his work in the fields. Salter claims that the APHIS employees' negligence resulted in his exposure to pesticides which caused him mental, emotional, and physical injury.

On September 29, 1992, Defendant filed a pleading entitled Defendant's Motion to Dismiss or in the Alternative for Summary Judgment. By an order dated April 26, 1993, the court dismissed Count Two, Salter's claim for misrepresentation. The court dismissed without prejudice Count Three, Carol Salter's claim for loss of consortium, because Carol Salter had failed to exhaust her administrative remedies. By the same order, the court allowed Salter to conduct further discovery for the purpose of supporting Count One, Salter's negligence claim.

On October 12, 1993, Carol Salter filed a complaint under the Federal Tort Claims Act for loss of consortium. Defendant filed a Motion to Dismiss or in the Alternative for Summary judgment which incorporated by reference the Memorandum in Support of a similar motion pending in Salter's case. The court denied this motion on May 16, 1994. On that date, the court also entered an order consolidating Carol Salter's complaint with her husband's pending case pursuant to Fed. R.Civ.P. 42(a).

On May 16, 1994, this court also entered an order denying the Defendant's Motion to

Dismiss or in the Alternative for Summary Judgment as it applied to Salter's suit. In the portion of this order which addressed Defendant's Motion to Dismiss, this court found that Salter's claim was not barred by the discretionary function exception, the misrepresentation exception, or the contractor exception. Thus, this court concluded that it had jurisdiction over Salter's negligence claim. The remainder of the opinion explained this court's finding that a genuine issue of material fact precluded summary judgment on the basis of the evidence and briefs then before the court.

On September 28, 1994, the Defendant filed answers to the Plaintiffs' complaint. In December 1994, the Defendant asked this court to extend the deadline for filing dispositive motions, and this court granted that request. On January 26, 1995, the Defendant filed two Motions for Summary Judgment.

The first of these motions seeks a grant of summary judgment in favor of the Defendant on Salter's negligence claim under the Federal Tort Claims Act. The Defendant argues that it is entitled to summary judgment because it did not owe a duty of care to Salter and because Salter's alleged contributory negligence bars any recovery for the Defendant's negligence.

The second motion seeks summary judgment in favor of the Defendant on Carol Salter's claim for loss of consortium which arises out of injuries allegedly suffered by Salter due to the Defendant's negligence. The Defendant contends that Carol Salter's action is barred by the statute of limitations because she did not file an administrative claim within two years of the date on which the cause of action accrued.

Plaintiffs filed responses to both of Defendant's Motions for Summary Judgment. Plaintiffs argue that the Defendant did owe Salter a duty and that the Defendant breached that duty in a way that caused Salter to suffer injuries. Plaintiffs contend that Salter was not contributorily negligent or in the alternative, that there is a material question of fact concerning contributory negligence that makes summary disposition of this case inappropriate. Additionally, Carol Salter contends that her claims are not barred by failure to timely file an administrative claim.

## III. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–23, 106 S.Ct. at 2552.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See,* Fed.R.Civ.P. 56(c).

## IV. DISCUSSION

### A. The Federal Tort Claims Act

■ The doctrine of sovereign immunity bars claims for money damages against the United States except in cases where the United States consents to be sued. *See, e.g., United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1156 (5th Cir.1981); *Blanchard v. St. Paul Fire & Marine Ins. Co.,* 341 F.2d 351, 357 (5th Cir.), *cert. denied,* 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73 (1965).[1] When it enacted the Federal Tort Claims Act ("FTCA"),[2] Congress consented to suits against the United States for certain causes of action sounding in tort, but only under the terms and conditions specified by the statute. *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976). Under the FTCA, the United States may be held liable for injuries caused by the "negligent or wrongful act or omission" of government employees acting "within the scope of [their] office or employment." 28 U.S.C. § 1346(b). The exceptions enumerated in the FTCA limit the scope of the waiver of sovereign immunity. *See* 28 U.S.C. § 2680.[3] If a tort claim against the United States does not fall within the scope of the FTCA's waiver, the federal courts do not have subject matter jurisdiction to hear the claim.

■ In cases such as this one, where a court determines that the exceptions enumerated in Section 2680 do not apply, the FTCA waives the government's sovereign immunity only for suits involving torts committed by government employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." 28 U.S.C. § 1346(b). Thus, before a court can exercise subject matter jurisdiction over a claim against the United States under the FTCA, the claimant must show both that the cause of action is permissible under the FTCA and that the cause of action satisfies the necessary elements of a tort claim cognizable under state law.

### B. Elements of Negligence Cause of Action

In the Motion for Summary Judgment now before the court, the Defendant challenges whether Salter has proffered sufficient evidence to establish a genuine issue concerning whether APHIS negligently caused Salter injury sufficient to subject it to liability to Salter under Alabama law.[4] Specifically, the Defendant contends that APHIS owed no duty to Salter under Alabama law.

■ It is well settled that Alabama law requires that a plaintiff seeking to establish a right to recover for negligence must offer proof of the following elements: a duty owed by defendant to plaintiff, a breach of that duty, and an injury proximately caused by the breach. *See, Ranger Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co.,* 410 So.2d 40, 41 (Ala.1982); *Quillen v. Quillen,* 388 So.2d 985, 988 (Ala.1980). Clearly, a defendant will not be liable to an injured plaintiff unless the defendant owed a duty to

1. In *Bonner v. City of Prichard, Ala.* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit held as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. 28 U.S.C. §§ 1346(b), 2671 *et seq.*

3. In its order of May 16, 1994, this Court determined that these exceptions do not apply in this suit, and the Court will not revisit these issues in this opinion.

4. As previously noted, the FTCA provides that it is the tort law of the place where the act or omission occurred which governs liability. 28 U.S.C. § 1346(b). It is undisputed that the alleged acts or omissions of APHIS occurred within the State of Alabama. Thus, Alabama tort law informs this Court's inquiry. *See, Ross v. United States,* 640 F.2d 511, 518–19 (5th Cir. Jan. 1981).

the plaintiff and breached it in a way that caused the plaintiff's injury. "If there is no duty, there is no cause of action." *Alabama Power Co. v. Laney*, 428 So.2d 21, 22 (Ala. 1983). *Accord, Sutton v. Mitchell Co.*, 534 So.2d 289, 291 (Ala.1988) (following *Laney* ).

■ Under the FTCA, sovereign immunity is waived only where the government has done something that would have subjected a private individual to liability under state law. 28 U.S.C. § 1346(b). Accordingly, if the Defendant shows that it owes no duty to Salter under Alabama tort law which would subject it to liability for negligence if it were a private actor, then this court lacks jurisdiction over this claim under the FTCA. *See, e.g., Campbell v. United States*, 962 F.2d 1579, 1581 (11th Cir.1992), *cert. denied*, ── U.S. ──, 113 S.Ct. 1254, 122 L.Ed.2d 653 (1993); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir.1990). Therefore, the court must now determine whether under Alabama law the Defendant owed Salter a duty.[5]

It is undisputed that APHIS did not own the property being sprayed, did not manufacture the pesticides, did not employ Salter, and did not operate the airplanes which applied the pesticides to the cotton fields. All that APHIS did was cooperate with the Foundation in the eradication of the boll weevil. APHIS' cooperation was limited to providing technical expertise, administrative support, and funding. Thus, most of the traditional relationships that give rise to a duty between a defendant and a plaintiff under Alabama case law are not implicated by Salter's negligence claim.

■ Salter points out that under the Cooperative Agreements signed by the Foundation and APHIS each year, APHIS had the duty to supply safety equipment for the field workers and the duty to train field workers. *Id.* Salter also argues that there is ample evidence that APHIS employees occasionally conducted training of field workers. Salter argues that it is well settled under Alabama law that a person who voluntarily undertakes

a duty may be held liable for negligently performing that duty and that by its contractual agreements with the Foundation, APHIS undertook duties to Salter, the breach of which caused him injury.

Salter's contentions regarding the basis of duties in negligence actions under Alabama law are correct. The Alabama Supreme Court has explained that

> [a] plaintiff may argue that another party owes a duty under a contract upon which the plaintiff reasonably relied. Alternatively, a plaintiff may argue that another party has duties independent of any contract because that party has acted affirmatively.... [A defendant] can be held liable for negligence injuring third parties, whether or not [the defendant] has a similar duty under contract to some others. The existence of a collateral contract does not negate the obligation imposed in tort to act reasonably.

*Berkel & Co. Contractors, Inc. v. Providence Hosp.*, 454 So.2d 496, 502 (Ala.1984) (citations omitted) (holding that a hospital that had contracted with a general contractor owed a duty to a subcontractor to act reasonably in directing and approving pile construction work).

■ For example, an elevator company that entered into a contract with a hospital agreeing to maintain and inspect a cartveyor system did owe a duty to third persons, including hospital employees, to perform the inspections with reasonable care. *Otis Elevator of Gadsden, Inc. v. Scott*, 586 So.2d 200 (Ala.1991). Alternatively, "once a person voluntarily undertakes safety inspections, he must act as a reasonably prudent person." *Walden v. United States Steel Corp.*, 759 F.2d 834, 837 (11th Cir.1985) (holding that where a steel corporation's employees voluntarily undertook safety inspections by making suggestions for improvements in procedure and constantly observing operations, a genuine issue of fact exists sufficient to preclude summary judgment on the existence of

---

**5.** Salter contends that this court has already determined that APHIS owed a duty to him. Salter rests this contention on this court's discussion of the discretionary function exception. *See Salter v. United States*, 853 F.Supp. 389, 392 n. 2 (M.D.Ala.1994). However, the court notes that it has not previously held that APHIS owed a duty to Salter. The court has not previously considered the existence of a duty between Salter and APHIS.

a duty running from the steel corporation to the employees of its independent contractor.)

The evidence before this court precludes a grant of summary judgment for the Defendant on the issue of duty to Salter. The language of the Cooperative Agreements supports Salter's claim that the Defendant undertook a duty to train field workers including Salter and to supply safety equipment for field workers including Salter. Moreover, there is evidence from which a reasonable fact-finder could determine that the Defendant's actions taken to train field workers sufficiently support a finding that the Defendant undertook a duty to Salter. Thus, evidence exists from which a reasonable fact-finder could conclude that the Defendant owed Salter a duty under Alabama law which would subject it to liability for negligence if it were a private actor. Consequently, Defendant's Motion for Summary Judgment cannot be based on an argument that the Defendant did not owe Salter a duty.

### C. Nature of the Claim: Tort or Contract?

■ Defendant contends that Salter's argument that the Cooperative Agreements entered into by APHIS created a duty cannot support his suit under the FTCA. In essence, the Defendant asserts that Salter's reliance on the Cooperative Agreements takes this case outside the scope of the limited waiver of sovereign immunity under the FTCA.[6]

Specifically, Defendant argues that a court's subject matter jurisdiction under the FTCA does not extend to tort claims which arise out of the government's alleged breach of a contractual duty or obligation. See, e.g.,

*Davis v. United States,* 961 F.2d 53, 56 (5th Cir.1991) (dismissing claims for conversion and breach of fiduciary duty which arose out of a contractual duty); *City Nat'l Bank v. United States,* 907 F.2d 536, 546 (5th Cir. 1990) (holding that plaintiffs' claims for gross negligence were based on government's breach of a contractual duty and outside the FTCA's waiver of sovereign immunity). The Defendant further asserts that the law is no different in this circuit. *See, e.g., Blanchard,* 341 F.2d at 357–58 (stating that claims which are founded upon an alleged failure to perform explicit or implicit contractual obligations are not deemed "tort" claims for the purposes of the FTCA irrespective of the plaintiff's characterizations of the claim); *United States v. Smith,* 324 F.2d 622, 625 (5th Cir.1963) (barring a materialman's suit against the government under the FTCA where government contracting agents negligently failed to require the general contractor to comply with the Miller Act and obtain a payment bond from a surety).[7]

■ Defendant's argument is incorrect. The cases upon which the Defendant relies concern attempts by plaintiffs to dress a wolf in sheep's clothes, more specifically, attempts by plaintiffs to masquerade a contract suit as a tort suit. While it is true that federal courts lack jurisdiction under the FTCA to entertain suits which are in substance breach of contract claims, it does not mean that where a "breach of contract, if any, [is] a mere background for the tort" jurisdiction is similarly lacking. *Woodbury,* 313 F.2d at 296–97 (distinguishing *Aleutco Corp. v. United States,* 244 F.2d 674, 678–79 (3d Cir. 1957)).

6. The court notes that the cases upon which the government relies do not lead to the conclusion that "the United States did not owe an actionable duty under Alabama tort law" as stated on page two of the Defendant's Memorandum in Reply to Charles Salter's Opposition. (emphasis added). The cases upon which the Defendant relies are all federal cases interpreting federal law. The state law of the place where the act or omission occurred governs liability. *See,* 28 U.S.C. § 1346(b); *Ross,* 640 F.2d at 518–519. The court takes Defendant's argument to mean that the Defendant believes that the cases it cites require this court to find that Salter's claim is outside of the scope of the FTCA.

7. Much of the *Smith* case focuses on whether the Miller Act itself created a duty which the contracting officers breached by their failure to require the general contractor to obtain a payment bond. The opinion also quotes a large section of *Woodbury v. United States,* 313 F.2d 291, 295 (9th Cir.1963), which addresses the distinction between tort cases and contract cases and the importance of this distinction to the scope of jurisdiction under the FTCA. However, the *Smith* case does not explicitly mention a contractual provision which created a duty on the government contracting officers.

**1532**

With respect to governmental waiver of sovereign immunity, the distinctions between contract claims and tort claims retain importance in the scheme of federal jurisdiction. *See, e.g., Murray v. United States,* 405 F.2d 1361, 1366–67 (D.C.Cir. 1968); *Claxton v. Small Business Admin. of the U.S. Gov't,* 525 F.Supp. 777, 782 (S.D.Ga. 1981). This circuit has adopted the following characterization of a contract claim

> [m]any breaches of contract can also be treated as torts. But . . ., where the "tort" complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to "waive the breach and sue in tort" brings the case within the Federal Tort Claims Act. The notion of such waiver of breach and suit in tort is a product of the history of English forms of action; it should not defeat the long established policy that government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states.

*United States v. Smith,* 324 F.2d at 625 (citing *Woodbury,* 313 F.2d at 295; emphasis added). *See also, Claxton,* 525 F.Supp. at 782.

Uniformity of interpretation of government contracts is only one of the reasons that federal courts have determined that contract claims should not be within the jurisdictional scope of the FTCA. Another reason is the availability in certain cases of another specially designed remedy which allows suit against the government. "Contract claims are covered by the Tucker Act . . . which confers upon the Court of Claims jurisdiction over 'any claim against the United States . . . founded . . . upon any express or implied contract with the United States . . . in cases not sounding in tort.'" *Woodbury,* 313 F.2d at 295. Courts examining the contract/tort distinction have determined that the FTCA does not extend subject matter jurisdiction to

"breach of contract claims." To allow suit under the FTCA where an action is essentially a breach of contract suit and dependent wholly on breach of a government's promise would "destroy the distinction between contract and tort claims preserved in the federal statutes and render illusory the separation of contract claims under the Tucker Act and tort claims under the FTCA." *Haney v. Castle Meadows, Inc.,* 868 F.Supp. 1233, 1237 (D.Colo.1994). *See also, Woodbury,* 313 F.2d at 296.

Salter's claim seeks damages for personal injuries allegedly caused by Defendant's negligence. Unlike the cases upon which Defendant relies, Salter is not attempting to recover in tort for the breach of a contract to which he was a party. Unlike the plaintiffs who suffered economic injury in the cases upon which the Defendant relies, Salter suffered personal injury. Moreover, Salter does not have an alternative suit available under the Tucker Act. Rather than dressing up a breach of contract claim in a tort action, Salter only points to the contract between APHIS and the Foundation to establish that the Defendant had undertaken duties to him. Salter's claim is a classic tort case rather than a claim which is in substance a contract claim. In this sense, Salter's claim is more analogous to the claim addressed in *Martin v. United States,* 649 F.2d 701, 704–05 (9th Cir.1981) than to any of the cases upon which the Defendant relies.

In *Martin,* the government agreed to make certain repairs on a house that it sold to the plaintiff's mother. Before the government could complete the repairs, the plaintiff seriously injured her hand on a faucet that the government had agreed to fix. Plaintiff sued under the FTCA alleging the tortious breach of a contractual duty to repair the premises and to make them habitable. After the district court entered judgment for the plaintiff and awarded damages to her, the government appealed. The essence of the government's argument was that the claim was contractual in nature and that the FTCA did not provide jurisdiction in the district court. The government relied on *Woodbury* for this argument. The Ninth Circuit distinguished *Woodbury* saying that the case be-

fore it involved a classic tort involving an alleged tort arising from an unsafe condition leading to a personal injury. *Martin*, 649 F.2d at 705. *See also, Green Constr. Co. v. Williams Form Eng'g Corp.*, 506 F.Supp. 173, 177 (W.D.Mich.1980) (government could not rely upon *Woodbury* because that "decision does not bar a suit in district court under the FTCA merely because the relationship between the parties was originally defined by contract").

In light of the foregoing authority, the court finds that Salter's tort claim falls within the scope of the FTCA. Consequently, this court has jurisdiction under the FTCA to hear this suit. Defendant's Motion for Summary Judgment is due to be DENIED to the extent that it is based on the Defendant's contentions that it owed Salter no duty or that Salter's reliance on the Cooperation Agreements took this case out of the scope of the FTCA.

The court will now address the Defendant's remaining argument for summary judgment on Salter's negligence claim.

### D. Contributory Negligence

■ Defendant's remaining argument in support of its Motion for Summary Judgment on Salter's negligence claim raises the issue of contributory negligence. It is well established under Alabama law that "a plaintiff cannot recover in a negligence suit when the plaintiff's own negligence is shown to have proximately contributed to the damage, notwithstanding a showing of negligence on the part of the defendant." *Knight v. Alabama Power Co.*, 580 So.2d 576, 577 (Ala. 1991), *quoting, Brown v. Piggly–Wiggly Stores*, 454 So.2d 1370 (Ala.1984). Contributory negligence requires a finding that the plaintiff had knowledge of the danger and appreciated the danger under the circumstances and yet put himself in the way of harm. *Wilson v. Alabama Power Co.*, 495 So.2d 48, 49 (Ala.1986). Where a plaintiff "had knowledge of facts sufficient to warn a man of ordinary sense and prudence of the danger to be encountered, and of the natural and probable consequences of his own conduct[ ]," plaintiff is "guilty of negligence if he fails to exercise ordinary care to discover and avoid the danger and the injury." *Alabama*

*Power Co. v. Mosley*, 294 Ala. 394, 318 So.2d 260, 263 (1975).

■ Defendant argues that Salter knew or should have known of the dangers associated with pesticides and that Salter placed himself in the way of harm by returning to work for the Foundation year after year. Defendant points out that Salter knew that the fields were being sprayed with pesticides and that he was having physical contact with the pesticides. (Salter Dep. at 81–83 & 115–118). Defendant also points to evidence in the record from which a reasonable factfinder could conclude that Salter recognized that the pesticides were the cause of his physical ailments. (Salter Dep. at 210–214 & 184–189). However, Salter argues that he lacked the requisite knowledge or appreciation of the danger that he actually faced because he was repeatedly told that he was in no danger. (Salter Dep. 129–132, 196–199, 213–214, 249; Salter Aff.)

■ The court finds that the issue of contributory negligence is inappropriate for summary judgment in this case. "Unless the evidence bearing upon [contributory negligence] is entirely free of doubt and adverse inference, this question must be submitted to [a trier of fact]." *Lewis v. Sears, Roebuck & Co.*, 512 So.2d 712, 713 (Ala.1987). When different inferences and conclusions can reasonably be drawn from the evidence, contributory negligence cannot be determined as a matter of law. *See, e.g., Savage Indus., Inc. v. Duke*, 598 So.2d 856, 859 (Ala.1992); *American Furniture Galleries, Inc. v. McWane, Inc.*, 477 So.2d 369, 372 (Ala.1985). The evidence before this court creates a genuine issue of material fact on the issue of contributory negligence. Therefore, Defendant's Motion for Summary Judgment is due to be DENIED to the extent that it is based on Salter's alleged contributory negligence.

### E. Loss of Consortium

■ The sole basis for the Defendant's Motion for Summary Judgment on Carol Salter's loss of consortium claim is its contention that Carol Salter failed to file an administrative claim within two years of the time when her claim accrued. The limitations period

for claims brought under the FTCA is a question of federal law. *Slaaten v. United States,* 990 F.2d 1038, 1041 (8th Cir.1993). It is undisputed that 28 U.S.C. § 2675(a) provides in pertinent part that

> [a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing

28 U.S.C. § 2675(a). Another section of the United States Code provides that a tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). *See, also, Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir.1994); *Overstreet v. United States,* 528 F.Supp. 838, 842 (M.D.Ala.1981).

■ In light of this authority, the key issue before this court is the time at which Carol Salter's cause of action for loss of consortium accrued. The court notes that because Carol Salter did not file her administrative claim until October 22, 1992, her loss of consortium claim will be barred if the evidence shows that her cause of action accrued more than two years prior to that date. The court finds that this issue is more properly determined after a full presentation of the evidence. Therefore, Defendant's Motion for Summary Judgment is due to be DENIED to the extent that it applies to Carol Salter's loss of consortium claim.

## V. CONCLUSIONS

For the aforementioned reasons, the court hereby ORDERS that the Defendant's Motions for Summary Judgment be DENIED as to the claims of both plaintiffs.