JENNIFER WALKER ELROD, Circuit Judge,
dissenting in part:
None of the parties argue that the claim of the non-contracting party United States Marine, Inc. (USMI) should be sent to the Court of Federal Claims. In fact, the government at oral argument agreed that USMI’s claim does not belong in the Court of Federal Claims, only appealing the district court’s jurisdiction over VT Halter.[1] Because I would hold that the district court lacked jurisdiction over VT Halter’s claim but affirm its jurisdiction over USMI’s claim, I respectfully dissent in part.
Contrary to the majority opinion’s assertion, USMI’s claim as a non-contracting party does not sound in contract. See 28 U.S.C. § 1491(a)(1) (establishing jurisdiction in the Court of Federal Claims for “any claim against [the Navy] founded ... upon ... any express or implied contract with the [Navy]”). In Johnson v. Sawyer, this court noted en banc — while deciding whether a suit sounded in contract or tort — that the plaintiff had no privity with the IRS and “[without privity there can be no breach of contract.” 47 F.3d 716, 726 n. 22 (5th Cir.1995) (en banc). The Federal Circuit applies the same rule under the Tucker Act.[2] See Katz v. Cisneros, 16 F.3d 1204, 1210 (Fed.Cir.1994) (holding that the lack of privity between plaintiff and the government “means the Tucker Act is not applicable and cannot forbid the requested relief, either expressly or impliedly”); see also Brighton Vill. Assocs. v. United States, 52 F.3d 1056, 1059 (Fed.Cir.1995) (“Katz differs from this case in a very important way.... Absent privity, Katz did not feature a contract claim against the Government.”). The Court of Federal Claims also looks to privity between a plaintiff and the government when determining the boundaries of its jurisdiction under the Tucker Act. See Kanarek v. United States, 314 F.2d 802, 803 (Ct.Cl.1963) (holding that the breach of contract claim brought by the employee of a government contractor sounded in tort as the plaintiff lacked privity with the government and was not a third-party beneficiary). Therefore, it is an odd result for us to conclude that USMI’s claim falls under the Court of Federal Claims’s exclusive jurisdiction, when that court would likely determine that USMI’s lack of a contract with the Navy renders its claim a tort outside *113 of the court’s jurisdiction.[3] See id.
The majority opinion relies on a single authority for the contrary proposition that we should treat a non-contracting party like USMI the same as a contracting party like VT Halter. See United States v. Smith, 324 F.2d 622, 625 (5th Cir.1963). Smith was not a Tucker Act case. Moreover, despite the majority opinion’s description, Smith did not hold that the subcontractors’ claims “sounded in contract,” and did not even mention, much less rely on, the lack' of privity between the plaintiffs and the government.[4] Thus, Smith gives no guidance as to how this court should handle the question at issue here.
For the foregoing reasons, I respectfully dissent in part.

. COURT: So it wouldn’t achieve anything by bundling everything and sending it to the Court of Claims?
GOVERNMENT: Not with respect to the claims of U.S. Marine. It would achieve the dismissal of VT Halter's claims under the Federal [Tort] Claims Act. And that’s what we are asking for here.
COURT: What do you do with the other claims?
GOVERNMENT: Well, we’re saying you should dismiss those claims on grounds for failure to prove damages, and thus avoid the whole problem. Because, unfortunately, because they are not a contracting [party] they cannot proceed [in the Court of Federal Claims]. We agree with that.

. The Federal Circuit has exclusive jurisdiction of appeals from the Court of Federal Claims. 28 U.S.C. § 1295(a)(3).

. Privity between the plaintiff and the government is "of course, the sine qua non of jurisdiction in the Court of Federal Claims. Absent privity between [the plaintiff! and the government, there is no case.” Katz, 16 F.3d at 1210. This is consistent with the views expressed by each party at oral argument that USMI would lack standing to pursue its lawsuit in the Court of Federal Claims.

. Indeed, the majority opinion proclaims that the Smith court "found” that the claims before it were based entirely on a breach of a contractual promise. We found no such thing; in fact, there was no contractual promise at all in Smith. The only mention of a contractual promise was in a block quotation from a loosely analogous Ninth Circuit case, which the majority opinion takes out of context to become this court's findings in Smith.